## ANDY HEMPHILL *v.* THE STATE.

1. PERJURY. *Contradictory oaths. Testimony before grand jury. Evidence.*

On a trial for perjury, alleged to have been committed before the grand jury, proof that accused had given contradictory testimony, in that, before the grand jury, he had sworn that a person under investigation for unlawful retailing had sold him whisky, and that afterwards, on the trial of such person, he had sworn directly the contrary, when supplemented by the testimony of such person that he had not sold accused the whisky, is sufficient to sustain a conviction.

2. SAME. *Falsity of testimony. Evidence.*

On such trial for perjury, the court properly excluded testimony that the person who accused had sworn before the grand jury had sold him intoxicating liquors, and who had been acquitted therefor, had, on another and distinct occasion, sold intoxicating liquors to witness, and had been convicted therefor.

3. SAME. *Conflicting oaths. Instruction. Error cured.*

Where, in such case, conflicting oaths by the accused having been proved, an instruction for the state, after defining perjury, directs a conviction if the guilt of accused is shown by the testimony of two witnesses, or by the testimony of one witness and corroborating circumstances, he cannot complain that it is misleading because not predicated on the falsity of the particular oath alleged in the indictment, if his own instructions announce the correct rule as to this.

FROM the circuit court of Choctaw county.

HON. C. H. CAMPBELL, Judge.

Appellant was convicted of perjury, and appeals. The facts appear in the opinion. The instruction for the state referred to in the opinion is as follows : " The court instructs the jury that perjury is the wilful and corrupt false swearing, under oath or affirmation legally administered, in a proceeding, matter and cause depending in any court of law or equity and before any tribunal created by law or the constitution, and can be established by two witnesses, or by one

witness and corroborating circumstances; and if the jury are satisfied beyond any reasonable doubt that the guilt of this defendant has been shown by two witnesses, or by one witness and corroborating circumstances, they should convict."

The second instruction for the defendant was as follows: "The court instructs the jury that before they can convict of the crime of perjury, it must be shown to their satisfaction by the testimony of two witnesses, or the testimony of one witness and corroborating circumstances, that the oath was false."

*Frank Townsend, Daniels & Richardson* and *J. W. Barron,* for appellant.

1. The indictment is for swearing falsely before the grand jury. It matters not how many falsehoods appellant may have sworn to at other times, he cannot be convicted under this indictment, unless his testimony before the grand jury was knowingly false. The state must peril its case somewhere, and stand upon it. 1 Greenleaf on Ev., § 259.

2. It was error to refuse to allow evidence of the conviction of Weeks. He had pleaded guilty to a charge of unlawful retailing, which occurred about the time appellant swears he bought whisky from him. There is an issue between the appellant and Weeks, and it was competent to break the equilibrium by showing that Weeks was engaged in unlawful retailing. It tends to discredit the testimony now given, that he had not sold to accused.

3. The court erred in granting the instruction asked for the state. It was calculated to mislead, because of its failure to state that the false oath must be shown by the testimony of two witnesses or by the testimony of one witness and corroborating circumstances. See *Brown* v. *State,* 57 Miss., 424; 2 Bish. on Crim. Pro., § 929.

*Frank Johnston,* attorney-general, for the state.

Testimony that Weeks, on another occasion, had unlaw-

fully sold whisky to one Greer, and that he had pleaded guilty for unlawfully retailing in such case, is not relevant to the inquiry here, which is whether accused swore falsely that Weeks had sold him whisky.

I submit that the first instruction for the state contains a correct definition and explanation of the crime of perjury.

The conviction is supported by the evidence. It is true that proof of contradictory oaths is not sufficient, but, in addition to this, we have the testimony of Weeks, who testifies positively that he had not sold whisky to the accused.

COOPER, J., delivered the opinion of the court.

It may be that the appellant has been indicted for one perjury and convicted of another, and that, in testifying before the grand jury, where the perjury is charged to have been committed, he told nothing but the truth. The facts upon which the conviction rests are these: The grand jury was engaged in discovering whether one John Weeks had violated the law against retailing intoxicating liquor, and the appellant, being by it examined as a witness, testified that he had purchased a bottle of whisky from Weeks, who was thereupon indicted. On the trial of Weeks the appellant was examined as a witness for the state, and then testified that he had not bought whisky from Weeks, who was then acquitted. The appellant was then indicted for perjury, in having testified falsely before the grand jury, and upon his trial evidence of his contradictory oaths was given, and then Weeks was introduced as a witness, and testified that he had not sold whisky to appellant, and therefore that his oath before the grand jury was false. The verdict of guilty was therefore fully sustained by the evidence, for the conflicting oaths of the appellant, re-inforced by the oath of Weeks that the evidence before the grand jury was false, sustained the conviction. 1 Greenleaf on Ev., §§ 257–259; 2 Bish. Crim. Pro., §§ 930–932.

The court properly excluded the record of the conviction

of Weeks for retailing, and the offered evidence of Green that he had bought whisky from Weeks. It is not pretended that the conviction was for a sale to the appellant, and manifestly the sale to Green related to a wholly different matter, so that the proffered evidence did not legally tend to prove that appellant had ever bought whisky from Weeks.

The instruction for the state is not subject to criticism in the light it is viewed by appellant's counsel, and, taken in connection with the second instruction for the defendant, it is certain that no injury resulted to him by reason of any misconception by the jury of the quantity of evidence required for his conviction.

The state's instruction is defective in omitting from its definition of perjury the *materiality* of the matter as to which the false oath is given, but there is no objection made to it on this ground, and it is evident that the oath before the grand jury was in relation to a relevant and material fact, and that if it was false and corruptly made, the appellant was guilty of perjury.

*The judgment is affirmed.*