State of Mississippi v. Hiram Silverberg.* ·

1. CRIMINAL PROCEDURE. *Perjury. Indictment. Code* 1892, § 1362. *Constitutional law. Constitution* 1890, *sec.* 26. ·

Code 1892, § 1362, providing that it shall be sufficient in indictments for perjury to set forth the substance of the offense charged, does not dispense with the necessity of averring the substance of the issue on which the perjury is charged to have been committed. A statute which did so would violate that clause of section 26, constitution of 1890, securing to a defendant the right "to demand the nature and cause of the accusation" against him.

2. SAME. *Falsity must be expressly charged.*

The averment of falsity in an indictment for perjury must be made expressly and positively, and not by implication.

3. SAME. *Truth must be charged.*

An indictment for perjury must aver what the truth is in relation to ' the matter of which the perjury is assigned.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Silverberg, the appellee, was indicted for perjury. He demurred to the indictment, and the same was sustained in the court below, and the state appealed to the supreme court.

*Monroe McClurg*, attorney-general; *J. W. Barron*, district attorney, and *Linton D. Landrum*, and *Harrison & Orr* for appellants.

On demurrer to the indictment, the questions are, does it charge: (1) Wilful and corrupt false swearing; (2) that the matter was material; (3) that the oath was legally administered in a matter, cause or proceeding depending in a court, and (4) was the matter necessary for the defense of any private right

---

*Judge Calhoon being disqualified, recused himself, and W. D. Anderson, Esq , was appointed and acted as special judge in his place.

or for the ends of public justice? The indictment furnishes a complete answer to all of these questions, and affirms that he well knew—that is, intentionally, deliberately—that he was swearing falsely, hence wilfully and corruptly. Ann. Code, § 1234.

It is plainly shown on the face of the indictment that the substance of the offense charged was a material statement in the answer to the bill in chancery, that the accused made oath to the answer before the clerk of the court having authority to administer an oath, and a proper averment falsifying the manner in which the perjury is assigned. Code 1892, § 1362.

This court has said, in *Lea* v. *State*, 64 Miss., 282: "The failure to state in the indictment facts necessary to show the materiality of the false testimony, was not a cause for which the indictment should have been quashed." What could be more to the point? And again, as *per supra:* "In an indictment for perjury it is sufficient to charge generally that the matter sworn to in the false oath was material to the issue or point of inquiry upon which it was taken, without showing particularly how it was material. The pleader has choice of two methods on the subject—he may either charge that the matter of the false oath was material, or he may set out the facts which show its materiality in law," citing 2 Whart. Crim. L., sec. 2263; 2 Bishop on Crim. Pro., sec. 921.

Section 1362 of Annotated Code of Mississippi does away with what the counsel for appellee claim is a necessity in this case: "Without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity," hence their contention amounts to naught.

*Sykes & O'Neill*, for appellee.

In some of the states (notably Missouri, *State* v. *Holden*, 48 Mo., 93, and *State* v. *Wakefield*, 9 Mo. App., 326; Virginia, *Commonwealth* v. *Pickering*, 8 Grattan, 628; Tennessee, *State*

v. *Bowlus*, 3 Heis., 29, and *State* v. *Stillman*, 7 Cold., 34; Indiana, *State* v. *Thrift*, 30 Ind., 211; Vermont, *State* v. *Chandler*, 42 Vt., 446; Michigan, *People* v. *Collier*, 1 Mann., 137; Illinois, *Morrell* v. *People*, 32 Ill., 499, and New Jersey, *State* v. *Beard*, 1 Dutch., 384) it is held that the indictment must show upon its face the facts which determine the materiality of the alleged false statement, whilst the courts of some of the other states hold that an averment that the alleged false statement was material is a sufficient allegation, without setting forth the facts which establish the materiality.

Reading the opinions of the supreme court of this state in *Lea* v. *State*, 64 Miss., 278, and *State* v. *Jolly*, 73 Miss., 42, apart from the indictments being considered by the court in said causes, this state would seem to have aligned itself with the courts holding the latter view. We cannot, in the face of the specific issue being fully set out in the indictments before the court in said cases, think it was intended to sanction the loose phraseology of the indictment now under consideration, and its utter want of "substance of the offense charged upon the defendant," or any showing of the materiality of the issue in the case to which the alleged false oath applies. Our statute (§ 1362, code 1892) requires that the substance of the offense charged upon defendant shall be set forth in the indictment, together with proper averments to falsify the matter wherein the perjury is assigned.

In the instant case neither the substance of the offense charged upon defendant, nor the issue involved in the bill of injunction —to wit, whether or not there was an agreement between the counsel in the replevin suit as to the time within which to file a bill of exceptions on the appeal to the supreme court—anywhere appears, and no reference is made to the substance of the offense nor to the issue otherwise than by the allegation that it was material. "The substance of the offense charged upon the defendant is not set forth in the indictment, together with proper averments to falsify the matter wherein the perjury is assigned," as required by § 1362, code 1892.

*Brame & Brame*, on same side.

"The matter falsely sworn to must be expressly contradicted, and the omission to charge directly that the facts sworn to were false renders the indictment fatally defective." 18 Am. & Eng. Enc. L., 316, and cases cited in notes; *Gibson* v. *State*, 44 Ala., 17; 2 Bishop on Crim. Law, sec. 1043; 2 Whar. on Crim. Law, sec. 1245.

"The general averment that the defendant swore falsely upon the whole matter is not sufficient. The indictment must proceed by particular averments to negative that which is false." 85 Am. Dec., 498, and authorities cited in notes; *State* v. *Mumford,* 17 Am. Dec., 573, s. c. 28 Tex., 625; 59 Barber, 531.

"The averment of falsity must be made expressly and positively, and not by way of implication. The assignment must meet the testimony of the accused directly, and when such testimony consists of such distinct items, it must be sufficiently broad to cover all of them." 16 Enc. of Pl. & Pr., 338.

"Where it is alleged that the defendant made a false affidavit to a claim presented to the county, an allegation in the indictment that the defendant did not furnish a suit of clothing or underclothing of the value of $13, and one coffin of the value of $10, as sworn, is not sufficient denial of the truth of defendant's testimony that they were furnished." *Thomas* v. *State*, 51 Ark., 138.

An indictment against one summoned as juror, for having falsely sworn that he had not formed or expressed an opinion as to the guilt or innocence of the person, alleged that he well knew that he had "both formed and expressed an opinion," is not good, since it does not allege a fact. *State* v. *Moffatt*, 7 Hum. (Tenn.), 250.

It is necessary to aver that the defendant knew the statement to be false—that is, that he knowingly swore falsely. It was necessary at common law to allege this. *State* v. *Ahr Lee*, 18 Oregon, 540. The indictment must show both propositions—

that is: (1) That the fact as sworn to by defendant did not exist, and (2) that he knew that it did not exist. *Harrison* v. *State* (Texas Crim. Ap., 1899), 53 S. W., 863; 1 Bish. Crim. Pro., 323–328; *Ib.*, 517, 518; *Riggs* v. *State*, 26 Miss., 51; *Murphy* v. *State*, 24 Miss., 590; *Norris* v. *State*, 33 Miss., 333; *Williams* v. *State*, 42 Miss., 328; *Jesse* v. *State*, 28 Miss., 100; *Sarah* v. *State*, *Ib.*, 267; *Anthony* v. *State*, 13 Smed. & M., 263; *Ike* v. *State*, 31 Miss., 473; *Scott* v. *State*, 23 Miss., 525; *Sullivan* v. *State*, 67 Miss., 346; *State* v. *Green*, 24 Ark., 591; *State* v. *Schill*, 27 Iowa, 263; *Kerr* v. *People*, 42 Ill., 251; *State* v. *Bixler*, 62 Md., 354; *State* v. *Powell*, 28 Texas, 296; *Dodge* v. *State*, 24 N. J., 455.

Argued orally by *Monroe McClurg*, attorney-general, and *L. D. Landrum*, for appellant, and by *L. Brame, Jr.*, for appellee.

ANDERSON, Special J., delivered the opinion of the court.

The indictment should have set out the substance of the issue involved in the chancery court cause. The point of inquiry should have been stated. "The proceeding should be identified by charging the legal name, as, for example, that it was a trial for murder, or an action of ejectment, and the matter in issue must be averred with sufficient clearness to inform the person accused of perjury of the exact nature of the charge against him." 16 Enc. of Pl. & Prac., p. 321, sec. 2, and cases cited in the notes. On this point the indictment charges that, "in a certain issue joined between R. B. Tennison, complainant, and H. Silverburg, defendant, No. 1181, in the chancery court of said county and state, . . . in making answer to a certain bill of injunction filed in said chancery court by said Tennison against said Silverburg," etc. This amounts to no more than giving the style of the case, for there are numerous causes of equitable cognizance in which a writ of injunction may issue. The phrase, "bill of injunction," does not indicate in the remotest degree the issue involved.

Section 1362 of the code provides that an indictment for perjury shall set forth the substance of the offense charged. This statute, which is a substantial copy of 23 George II., c. 11, did not intend to dispense with the necessity of setting out in an indictment for perjury the substance of the issue or point of inquiry in the cause in which the perjury is alleged to have been committed, and if it had done so in express terms, it would have been in violation of that clause of section 26 of the bill of rights which secures to the defendant charged with crime the right "to demand the nature and cause of the accusation." *Murphy* v. *State*, 24 Miss., 590; *Williams* v. *State*, 42 Miss., 328.

This question was not involved in *Lea* v. *State*, 64 Miss., 278, and *State* v. *Jolly*, 73 Miss., 42. The question in those cases was, whether the facts and circumstances necessary to show that the matter sworn to in the false oath was material to the issue upon which it was taken, should have been set out in the indictment, and the court held in *Lea* v. *State* that it was sufficient to charge generally its materiality, without showing particularly how it was material. In both those cases the issue or point of inquiry upon which the false oath was taken was fully set out.

The indictment under consideration makes no assignment of perjury. There is no positive averment of the falsity of the oath taken by Silverberg to his answer. "The averment of falsity must be made expressly and positively, and not by way of implication." 16 Enc. Pl. & Prac., pp. 338–340; 2 Bishop on Crim. Pro., sec. 918; Am. Crim. Law (Wharton), sec. 2259. It is not averred in the indictment as a fact that Tennison had a place of his own and was solvent, but that Silverberg well knew he had a place of his own and was not financially worthless. "An indictment against one summoned as a juror, for having falsely sworn that he had not formed or expressed an opinion as to the guilt or innocence of the person, alleged that he well knew that he had both formed and expressed an opin-

ion, is not good, since it does not allege a fact." *State* v. *Moffatt*, 7 Hum. (Tenn.), 250.

Neither does the indictment aver the truth in relation to the matter of which the perjury is assigned. This is indispensable. 16 Enc. Pl. & Prac., 340.

For these reasons, the indictment is void. It charges no offense under the law, and the judgment is

*Affirmed.*