STATE OF MISSISSIPPI *v.* JOHN T. BOOKER.

CRIMINAL LAW. *Attempt. Subornation of perjury. Code* 1892, §1246.
*Indictment. Materiality.*

An indictment for an attempt to suborn a witness to commit
perjury, under Code 1892, § 1246, is demurrable if it fail to show
the materiality of the testimony corruptly sought.

FROM the circuit court of Tippah county.

HON. J. B. BOOTHE, Judge.

Booker, the appellee, was indicted for an attempt to suborn a
witness to commit perjury. Leaving off mere formalities, the
indictment was as follows:

"John T. Booker, late of the county aforesaid, on the 30th
day of June, 1903, in said county, unlawfully, willfully, fel-
oniously, and corruptly, for a valuable consideration, to wit,
money, did attempt to procure Albert Fryar to ·commit willful
and corrupt perjury as a witness in the bastardy case of *Willie
Cox* v. *John ·Wicker,* which was to be tried after that time be-.
fore S. W. Pegram, a justice of the peace of said county, be-
fore whom said cause was then pending, of which cause he
had jurisdiction, and the said Albert Fryar having been sum-
moned as a witness, and concerning which case the said Albert
Fryar might by law be examined as a witness. The said John
T. Booker did then and there offer to pay said Albert Fryar
money if he would swear in said case that he (Fryar himself)
had had sexual intercourse with her, the said Willie Cox, which
testimony, if Jelivered by said Albert Fryar . in said trial,
would have been false."

A demurrer was sustained to the indictment and the state
appealed to the supreme court.

*J. N. Flowers,* assistant attorney-general, for appellant.

*Leroy Kennedy,* for appellee.

The indictment is based on Code 1892, § 1246. There is no allegation of materiality and perjury cannot be predicated of immaterial matter. *Jennings* v. *State,* 7 So. Rep., 462.

Whether Fryar ever, at any time, had sexual intercourse with the woman named in the indictment was immaterial. *Anonymous,* 37 Miss., 54.

CALHOON, J., delivered the opinion of the court.

The indictment in this case is bad in that it does not charge that the words of which an attempt at subornation of perjury is predicated were material to any issue, nor cure the omission by stating facts showing clearly that they were material. *Jennings* v. *State* (Miss.), 7 South., 462; *State* v. *Silverberg,* 78 Miss., 858; 29 South., 761. The demurrer to it was properly sustained.

*Affirmed.*