CHENAULT *v.* STATE.*

(Division B. May 6, 1929.)

[122 So. 98. No. 27806.]

*Corpus Juris-Cyc References: Courts, 15CJ, section 306, p. 919, n. 1; Criminal Law, 17CJ, section 3657, p. 312, n. 44; section 3688, p. 340, n. 68; Indictments and Informations, 31CJ, section 179, p. 659, n. 72; Witnesses, 40Cyc, p. 2500, n. 93. As to sufficiency of averment in indictment or information for perjury as to jurisdiction or authority to administer oath, see annotation in 32 L. R. A. (N. S.) 142; 21 R. C. L., pp. 266-268; 3 R. C. L. Supp. 1145; 5 R. C. L. Supp. 1147.

*J. H. Ford,* for appellant.

24

*Rufus Creekmore,* Assistant Attorney-General, for the state.

28

ETHRIDGE, P. J. The appellant was indicted and convicted upon a charge of perjury, the indictment was demurred to, and the demurrer overruled. The indictment reads as follows:

"The grand jurors of the state of Mississippi, elected, summoned, sworn, and charged to inquire in and for the body of the First district of Chickasaw county, state of Mississippi, at the term aforesaid, of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that Tom Chenault, late of the district and county aforesaid, on or about the 13th day of October, A. D. 1927, with force and arms, in the district and county aforesaid, and within the jurisdiction of this court, being then and there a witness duly summoned and appearing before the grand jury, aforesaid, duly elected, impaneled, and sworn as aforesaid, at the regular October term, 1927, of the circuit court thereof, the said Tom Chenault having been then and there duly sworn by Joe L. Davis, foreman of the grand jury as aforesaid, and he being duly authorized by law to administer oaths, the said Tom Chenault did then and there take his corporal oath, and did then and there swear and say that the evidence he would give touching the matters being investigated and the questions asked him by the grand jury and the answers thereto by him would be the truth, the whole truth, and nothing but the truth, so help him God, and the said Tom Chenault being then and there asked certain material questions concerning a fight which took place at the home of Jesse Davis on the night of September 24, 1927, or thereabout, said question being a material question, and said fight having taken place and did take place at the home of Jesse Davis on or about the night of September 24, 1927, and to which material question and fact the said Tom Chenault testified under his oath to said material question and fact, and being asked by the said grand jury, 'Was there a fight at Jesse Davis' next Saturday night will be three weeks ago?' Which question was a material question, and which fight did take place, he, the said Tom Chenault, in answer to said material question, did then and there unlawfully, willfully, falsely, knowingly, feloniously, and

corruptly swear and say that there was no fight there, which answer was to a material question and the answer was material, which answer of the said Tom Chenault was then and there well known by the said Tom Chenault to be false, and not the truth, and his said testimony was false, untrue, corrupt, willful, and felonious on the part of the said Tom Chenault to said material matter and fact, and the said Tom Chenault did know that the fight occurred at Jesse Davis', which fight as a matter of fact did occur, and the question and answer thereto were material, and the answer of the said Tom Chenault was false, and known to be such by him, and of material importance to material fact, and the said Tom Chenault did then and there, on or about the 13th day of October, 1927, before said grand jury as aforesaid, swear falsely and corruptly to said material facts as aforesaid, and did then and there knowingly commit willful, felonious and corrupt perjury, contrary to the statute in such cases made and provided, against the peace and dignity of the state of Mississippi.''

It is contended that the indictment is insufficient, because it does not properly charge the offense, and does not properly charge that the grand jury were investigating the offense at the time the questions were propounded, and that the matters set forth in the indictment were merely by way of recital, rather than an allegation. The practice of charging an indictment by recital, instead of by direct allegation, is bad, and should not be followed; but the facts of the charge should be directly alleged. While the indictment charges that the grand jury was duly elected, impaneled, and sworn at the regular October term, 1927, of the circuit court of the county, it does not charge, in appropriate language, that it was engaged in the business of investigating crime, and does not directly charge that Joe L. Davis who was legally elected as foreman of the grand jury duly and legally administered the oath. The indictment then charges that

the oath was taken, and that the defendant, being then and there asked certain material questions concerning a fight which took place at the home of Jesse L. Davis on September 24, 1927, did not allege the character of the fighting or whether it was a fight between human beings, or name the persons, or any of them, engaged in the fight. The certain questions asked him are not set forth in substance, except the indictment did state one specific question which was asked, and his answer thereto.

It was urged that to merely charge a fight, or that the grand jury was investigating a fight, is not sufficient, but that the names of the parties engaged therein, or some of them, must be set forth, and that it should be alleged that it was a fight between persons, and constitutes a violation of law. The grand jury, of course, is supposed to investigate all violations of law; and if it was inquiring about a fight between human beings, constituting a breach of the peace in violation of the law, it would not be necessary for the grand jury to know the names of the persons engaged in the fight, and where it took place. This information it could get by asking the witnesses general and specific questions concerning the subject-matter of its investigation. But we think it would be a better and safer practice, in framing an indictment for perjury, that in alleging false swearing it should set out the particulars of the matter upon which the charge of perjury is predicated, and, in a case like the one before us, should charge that the fight was between certain persons at a given time and place—this in order that the defendant should be advised as precisely as necessary what specific things he was to meet in his defense of the case. This is especially true of that part of the indictment which should charge what the truth of the subject-matter of the prosecution is.

We think the indictment here involved does not sufficiently set forth the allegation as to the truth of the

subject-matter. In the latter part of the indictment is charged what we presume to be intended as such a statement, to the effect that the said Tom Chenault did know that the fight occurred as Jesse Davis'—which fight, as a matter of fact, did occur—and questions and answers in regard thereto were material, and the answer of the said Tom Chenault was false, and known to be such by him, and was of material importance, and the said Tom Chenault did then and there, on or about the 13th day of October, 1927, before the said grand jury, swear falsely, corruptly, etc. It will be noted that this part of the indictment, supposed to charge the truth of the matter, does not fix the date on which the fight occurred, nor does it specify the persons engaged in the fight, nor any of them, and does not allege that the fight occurred at the residence of Jesse Davis, as stated in the former part of the indictment, alleging the propounding of the questions.

An indictment for perjury is one of the most difficult indictments to draw, and the requirements are strict as to the essential parts of the indictment. In *State* v. *Silverberg*, 78 Miss. 858, 29 So. 761, it was held that under the Code of 1892, section 1362 (which is the same section as that in the present Code under which the indictment here is returned), which provides that it shall be sufficient, in an indictment for perjury, to set forth the substance of the offense charged, the necessity of averring the substance of the issue on which the perjury is charged to have been committed is not dispensed with, and that a statute which did so would violate section 26 of the Constitution, securing to defendant the right to demand the nature and cause of the accusation against him. It was also held that the averment of falsity in an indictment for perjury must be made expressly and positively, and not by implication; and it was further held that an indictment for perjury must aver what the truth is in relation to the matter of which the perjury is

assigned. The indictment before us does not conform to the principles laid down in this case, and we are of the opinion that the demurrer should have been sustained.

On the trial of the case, when one of the grand jurors was on the witness stand, the defendant sought by cross-examination to interrogate the witness as to the good character and reputation of the defendant in the community in which he lives, in respect to veracity. The court held as to this that the witness was the witness of the defendant, and that he could, if he so desired, develop that proof as part of his case; that he was not entitled, in effect, to the privilege allowed on cross-examining witnesses. We do not think that this constitutes reversible error, on the facts of this record. But the witness introduced by one party, under the rule in this state, is a witness for all purposes material to the case; and the party, on cross-examination, is entitled to interrogate him about every feature of the case, and by so doing does not make him the witness of the cross-examiner.

The state only procured one instruction, which reads as follows: ''The court charges the jury, for the state, that if you believe from the evidence in this case beyond a reasonable doubt that the defendant; Tom Chenault, as a witness before the grand jury at the regular October term, 1927, testified under oath that there was no fight at Jesse Davis' house on Saturday night, September 24, 1927, and that the said grand jury was investigating the said fight, and that the fight did occur, and that then and there the said Tom Chenault knew that there was a fight at the time and place, and that he testified at the time and place and in the manner and form as alleged in this indictment, then it is your sworn duty to convict the defendant, and the form of your verdict will be, 'We, the jury, find the defendant guilty as charged.' ''

The appellant contends that the granting of this instruction is erroneous, and is reversible error, under the

cases of *Brown* v. *State,* 57 Miss. 424; *Saucier* v. *State,* 95 Miss. 226, 48 So. 840, 21 Ann. Cas. 1155; *Wilbur* v. *State* (Miss.), 119 So. 303. The attorney-general confesses that this instruction is error, if these cases are to be adhered to. The court had the question of overruling the Brown and Saucier cases under consideration in the case of *Wilbur* v. *State,* and the majority of the court held that they should not be overruled and reaffirmed the rule announced in those cases. All the judges of this court are bound by the decision of a case, which then becomes the law of the state, subject to the right, whenever a majority of the court reaches the conclusion that the case should be overruled, to change such decision. We regard the question as settled by the decision in the case of *Wilbur* v. *State.* This instruction alone would reverse the case. The defendant did not ask an instruction on this proposition, but asked and obtained a counter-instruction along the line of the proposition announced in the above instruction. We do not think that the defendant is estopped from contending for his rights, because, under the decisions cited above, it is held that he was not called upon to request such instructions, to entitle him to the benefit of the failure of the state to get them. Consequently the defendant is not estopped from raising the question now.

Because of the errors indicated, the judgment will be reversed, the demurrer to the indictment sustained, and the defendant, Chenault, held to await the action of the grand jury at the next term of court.

*Reversed and remanded.*