GRIFFIN, Justice,
for the Court:
The defendant, appellant here, Larry Shelton Hentz, whose trips to the courthouse have been more numerous than the average attorney, was convicted in the Circuit Court of Desoto County for subornation of perjury as an habitual offender as defined by § 99-19-83, Mississippi Code Annotated (1972). Since one of his prior convictions was for a crime of violence, the circuit judge sentenced him to a life sentence without hope of parole or probation.
Our dislike for those who are habitually in trouble and who show no respect for the law nor their fellow man cannot deter the Court from adherence to constitutional provisions, both state and federal. We cannot write separate laws for Larry Shelton Hentz or any other whose prime endeavors in life appear to be a dedication to crime.
The charging part of the indictment reads as follows:
... did unlawfully, wilfully, feloniously corruptly procure John Tailor Gullett, III to commit wilful and corrupt perjury in the cause of State of Mississippi vs. Owen Lee Harden, in the Circuit Court of Desoto County, Mississippi, Cause No. 4038, the said John Tailor Gullett, III having been legally sowm [sic] by the proper official and directly examined by the Attorney for Owen Lee Harden and cross-examined by the Assistant District Attorney, and that the testimony of John Tailor Gullett, III was material to the issue in the trial of State v. Harden, in direct violation of § 97-9-63, Mississippi Code of 1972 Annotated, as amended;
Following the above is a recitation of prior convictions running from 1976 through 1983. Significantly, since 1983 the defendant has been incarcerated in the Mississippi State Penitentiary following a plea of guilty to murder. The indictment alleges the term of the sentences but does not state as set forth in § 99-19-83, supra, that separate terms of one year or more have been served in any state or federal penal institution.
The language of the indictment requires reversal. Section 97-9-59, Mississippi Code Annotated (1972) defines penury. Section 97-9-63 entitled, “Perjury— Subornation of” makes unlawful the procuring of a witness to commit perjury. Therefore, logic dictates that the indictment for subornation of perjury include essentially the same language as an indictment for perjury, i.e. the indictment must state the circumstances of the issue or the point of inquiry in which the perjury was committed. The simple statement in the indictment here that the defendant procured Gullett to perjure himself in the case of State v. Harden is not sufficient. State v. Silberberg, 78 Miss. 858, 29 So. 761 (1901).
We are told that we should disregard Silberberg, supra and its progeny Chenault v. State, 154 Miss. 21, 122 So. 98 (1929) because they are old. We think that these cases properly interpret § 26 of the Mississippi Constitution, where it is stated that the accused has the right “to demand the nature and the cause of the accusation” and do not agree that Rule 2.05, Uniform Criminal Rules, Circuit Court Practice and the rules of discovery have in any manner altered significantly what was heretofore recognized as a constitutional requirement in drafting an indictment. We do not construe Harbin v. State, 478 So.2d 796 (Miss.1985) to be to the contrary. In Harbin, supra, a reader can tell from a reading of the indictment as a whole that there was fair notice to the accused of that with which he was charged. Here, Hentz is not notified of the exact language of the testimony of Gullett that is false. It is necessary under Silberberg and Chenault, supra, that the alleged false testimony be included in the indictment or at least made an exhibit thereto and incorporated therein.
As the Court stated in Chenault, “an indictment for perjury is one of the most difficult indictments to draw and the requirements are statutory as to the essential parts of the indictment.” What we are telling the prosecutors here is that the indictment in this case must of necessity be lengthy. The evidence in this case reveals, as believed by a jury, that this defendant engaged in a design to obstruct justice by *517 the procurement of false testimony and should be prosecuted and punished therefor. Nevertheless, it is essential that the prosecutors be patient and studious in drafting indictments of this type to the end that honest jurors will not have their verdicts contaminated by falsehoods as allegedly occurred in the Harden trial. In Sil-berberg, supra, we find the following:
The indictment should have set out the substance of the issue involved in the (trial at which the alleged perjury occurred). The point of inquiry should have been stated. “The proceeding should be identified by charging the legal name, as for example, that it was a trial for murder or an action of ejectment; and the matter in issue must be averred with sufficient clearness to inform the person accused of peijury of the exact nature of the charge against him.”
Here the indictment does not state the name of the crime. To have stated that the crime charged against Harden was that of murder would have made explicitly clear the materiality of the testimony of Gullett wherein he stated that another told him that he and not Harden killed the deceased. The indictment should allege what facts constitute the truth.
This is necessary as well as an allegation of the falsity of the testimony. Chenault paraphrasing from Silberberg states the following:
It was also held that the averment of falsity in an indictment for perjury must be made expressly and positively, and not by implication; and it was further held that an indictment for perjury must aver what the truth is in relation to the matter of which the perjury is assigned. The indictment before us does not conform to the principles laid down in this case, and we are of the opinion that the demurrer should have been sustained.
We, therefore, hold that the indictment was insufficient and the demurrer should have been sustained. Since we are requiring the defendant to be held to await the action of the next Grand Jury in Desoto County, we point out here that the state should review § 99-19-83, supra, and follow the language thereof if it chooses to re-indict the defendant thereunder, particularly, there should be an allegation that two separate penal terms of one year or more have actually been served.
Several other errors are assigned; however, we find no merit thereto and do not discuss the same here. We think the evidence was sufficient at least under the present indictment. There is no doubt from the evidence that the defendant knew that the testimony of Gullett was false and the jury could have found that there was no reasonable doubt that Gullett likewise knew of the falsity.
One other interesting point is the contention that the state should not have prosecuted the defendant because of a pri- or plea bargain agreement with him. The defendant was tried in Tate County for the murder of John Williamson, having been indicted in Yalobusha County along with Harden and the deceased’s wife Cookie, for capital murder. After four days of trial, the defendant agreed to enter a plea of guilty to murder non-capital, and accept a life sentence. The state expected him to testify for the state in the trial of his co-defendants. He was de-briefed after his plea and his statement at that time would have been helpful to the state. Later he changed this and proposed to give testimony that was harmful to the state with the bold assertion that he was then telling the truth. We believe as the trial judge did that the defendant violated the agreement, not the state. It taxes the credulity of the Court to believe that the district attorney entered into a bargain that would be detrimental to the state’s interest.
It was error not to sustain the demurrer to the indictment. We, therefore, reverse and order that the defendant be held to await the action of the next Grand Jury in Desoto County.
REVERSED AND ORDERED THAT DEFENDANT BE HELD TO AWAIT ACTION OF NEXT GRAND JURY IN DESO-TO COUNTY.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. *518 LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.