### Buster Thompson *v.* State of Mississippi.

1. CRIMINAL LAW. *Presumption of innocence. Hypotheses.*
   Where two reasonable hypotheses arise from and are supported by the evidence in a criminal case, one consistent and the other inconsistent with defendant's innocence, it is the duty of the jury to adopt the one consistent with innocence, although the other be the more probable.

2. SAME.
   If it can be done reasonably a jury in a criminal case should reconcile proven facts and circumstances with the theory of defendant's innocence.

3. SAME. *Instructions.*
   It will be error in a criminal case to deny defendant instructions, the same being applicable under the evidence, to the effect:
   (*a*) That the jury should adopt a reasonable hypothesis of innocence arising from and supported by the evidence, though one of guilt be the more probable;
   (*b*) That the jury should reconcile proven facts and circumstances with the theory of defendant's innocence, if it can reasonably be done;
   (*c*) That the law permits no presumptions of guilt; and
   (*d*) That a reasonable doubt of guilt can arise from a want of evidence as well as from the evidence.

FROM the circuit court of Winston county.
HON. GUION Q. HALL, Judge.

Thompson, appellant, was indicted, tried, and convicted of the murder of one William Colter, sentenced to the penitentiary for life and appealed to the supreme court.

On the trial in the court below he asked the following instructions, which were refused:

"The court instructs the jury that the law starts out with the presumption that the defendant is entirely innocent of the whole charge, and every part and parcel of it, and it is the duty of the jury to give the defendant the benefit of this right guaranteed to him by the laws of the land. They should reconcile the evidence to accord with the theory of his innocence if they can; and, if they cannot, they must acquit, unless guilt be proven by the evidence to a moral certainty, which means beyond all reasonable doubt arising out of the evidence or the want of evidence."

"The court instructs the jury that the presumption of innocence does not allow the presumption of guilt. Therefore each fact essential to the conclusion of guilt must be established beyond a reasonable doubt."

"The court instructs the jury that if there is any fact or circumstance proven by the evidence in this case upon which the jury can place a reasonable construction favorable either to the state or the defendant, it is the duty of the jury to accept that construction favorable to the defendant, although the one favorable to the state is more reasonable."

"The court instructs the jury that, if there are two reasonable theories arising out of the evidence of this case, one favorable to the state and the other favorable to the defendant, it is the duty of the jury to accept the one favorable to the defendant, although the one favorable to the state is the more reasonable, and supported by the stronger evidence."

*Jones & Hughston* and *L. H. Hopkins,* for appellant.

*J. N. Flowers,* assistant attorney general, for appellee.

[The briefs of counsel were withdrawn or lost from the record before it reached the reporter.]

TRULY, J., delivered the opinion of the court.

It has always been, is now, and we trust ever shall be, the law in criminal cases that, where there are two reasonable hypotheses arising out of and supported by the evidence, it is the duty of the jury to adopt the hypothesis consistent with innocence, even though the hypothesis of guilt be the more probable. It is likewise the law that it is the duty of the jury to reconcile the proven facts and circumstances with the theory of innocence, if such can reasonably be done. It is also true that there is no presumption of guilt permitted by the law, and that a reasonable doubt can arise from a want of evidence as well as from the evidence itself. The instructions asked by the defendant and refused by the court stated these propositions of law with substantial accuracy, and, as no instructions were granted him announcing these principles, we cannot safely affirm that no harm was done the cause of the defendant, and this judgment must be reversed. *Hale v. State,* 72 Miss., 140, 16 South., 387; *Owens v. State,* 80 Miss., 499, 32 South., 152.

We again urge upon trial courts that they should not experiment as to how few instructions they can grant defendant and still be sustained, but should see that every right which he is guaranteed under the law is liberally granted to the defendant, and leave the final decision upon the facts to the fairness and common sense of the juries. If this course is adopted an equal number of convictions will be had, more judgments will be affirmed, the interest of the state be better served, and the expenses of the courts considerably diminished.

*Reversed and remanded.*