## Hardy *v.* State.

(Division B.   Feb. 1, 1937.)

[172 So. 131.   No. 32455.]

**Welch & Cooper,** of Laurel, for appellant.

**Webb M. Mize**, Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted of arson. The evidence is wholly circumstantial. The court granted to the state two instructions and only two. These instructions are in the following language:

"The court instructs the jury for the State that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant did wilfully, unlawfully, feloniously, and maliciously, set fire to and burn the dwelling house of Mrs. Claud Hardy, in which she resided, as testified about, and in the manner and form as charged in the indictment, then it is your sworn duty to find the defendant guilty as charged."

"The court instructs the jury for the state that you do not have to know that the defendant is guilty before you can convict him, but it is only necessary that you should believe from all the circumstances and evidence in the case, beyond a reasonable doubt, that the defendant is guilty; and if you so believe from all the circumstances and evidence in this case, beyond a reasonable doubt, that the defendant is guilty, then it is your sworn duty to so find."

It will be observed that both of these instructions omit the necessary qualification that in order for appellant's guilt to appear beyond a reasonable doubt "the evidence must exclude every other reasonable hypothesis consistent with his innocence." In a case such as this where the evidence is entirely circumstantial, the instruction

or instructions must include the above-quoted qualification else the verdict and judgment must be reversed. This was expressly held in Warren v. State, 166 Miss. 284, 288, 146 So. 449, and there has been no subsequent case which when carefully examined has in any manner qualified or relaxed the rule laid down in that case. The stated qualification is not required and is not proper where there are one or more eyewitnesses, but it is essential in cases of purely circumstantial evidence.

We do not decide or discuss the several other assignments, as they will probably not appear in another trial.

Reversed and remanded.