OVERSTREET *v.* STATE.

No. 41771          March 13, 1961          128 So. 2d 115

March 27, 1961                              128 So. 2d 115

*Wm. V. Murry,* Hattiesburg, for appellant.

*J. R. Griffin, G. Garland Lyell, Jr.,* Assts. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant was convicted of the crime of burglary. The evidence was wholly circumstantial. The appellant had no counsel.

The State was granted two instructions on the merits, which instructions required belief from the evidence of appellant's guilt beyond a reasonable doubt, but neither required that "the evidence must exclude every other reasonable hypothesis consistent with his innocence." Warren v. State, 166 Miss. 284, 146 So. 449;

Hardy v. State, 177 Miss. 727, 172 So. 131; Williams v. State, 220 Miss. 800, 72 So. 2d 147.

The State, by its instructions, was not required to meet its full burden. No instruction for the appellant cured this error, and for the omission of the above quoted qualification, the judgment must be reversed and remanded.

Reversed and remanded.

*Lee, P.J.,* and *Kyle, Ethridge* and *Rodgers, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

■■■ The State contends it was error to reverse this conviction for its erroneous instructions on the burden of proof, that there was no assignment of error by appellant with respect to instructions. He was tried without an attorney representing him. But on appeal his counsel assigned as error that the verdict was contrary to the law and evidence, and the evidence was insufficient to overcome the presumption of innocence. Appellant's brief argued that the State failed to meet its burden of proof.

We think the assignments of error and the brief on appeal, although perhaps not as specific as they should have been, adequately raised the issue as to whether the State's evidence and instructions complied with its burden of proof in a case based alone upon circumstantial evidence, namely, that the evidence must exclude every other reasonable hypothesis consistent with defendant's innocence. The State's instructions failed to define this necessary burden of proof, and were confined solely to the theory of guilt beyond a reasonable doubt. In short, the assignment of errors and the brief adequately raised the issue, upon which the original decision reversed the conviction.

Moreover, Supreme Court Rule 6 (2) states: "No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified."

Failure of the State to obtain instructions properly defining its burden of proof, under the circumstances, presents a clear case for application of this rule. Defendant was under no duty to obtain instructions defining the State's burden of proof.

Suggestion of error overruled.

*Lee, P.J.,* and *Kyle, Arrington* and *Rodgers, JJ.,* concur.