Hill *v.* State

No. 43472          April 19, 1965          173 So. 2d 920

*Mitchell M. Lundy,* Grenada, for appellant.

G. *Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

Appellant, Jessie P. Hill, was indicted and convicted of embezzlement in the Circuit Court of Grenada County, Mississippi. On conviction and with recommendation of leniency by the jury, he was sentenced to serve one year in the county jail and pay all costs, with nine months of the sentence suspended for good behavior and the condition that he make restitution in the amount of $540.53 within one year after the date of the judgment. Appellant appealed to this Court and we reverse the case for the reasons hereinafter stated.

The appellant was a route salesman for Shaw's Wholesale Meats at Grenada, where he had worked for about

five years. He had three routes that he covered twice a week; he took orders for meats and also collected from his customers for accounts due. In May 1964 he was given a weekend vacation and on his return, he was arrested under a warrant charging him with embezzling the sum of $540.53. Later the grand jury indicted him.

Shaw had a custom whereby defendant would spend money on his route for his meals, cigarettes or other items, whatever he desired, and on reporting to the office, if he checked in under the amount due the company, this amount would be deducted from his weekly pay; if he should have more money than his account called for, the overage was returned to him. It was explained that the overage could occur either from a mistake or from the fact that he went out with money of his own which became intermingled.

On the trial it was shown that the amount so alleged to have been embezzled involved accounts with fifteen or twenty customers, said accounts ranging from approximately $6.00 to around $32.00. There were many items thereon — several items to each customer. The alleged embezzlement was charged to have occurred during a period of about two months just before the vacation.

Appellant's testimony showed that when he returned in the afternoon, he made his settlement with any one of five different people. Two of these persons testified at the trial; the State claimed they were the only two who made settlements with him during the last two months. Three others did not testify. The amount alleged to have been embezzled during the two months was nearly equal to his salary, which was $75 per week. Nothing was said to him about the alleged shortage and he was not given any opportunity to correct it if it existed. He denied that he had embezzled any money, but claimed he had turned it over daily to some one of the five persons in the office. He admitted that he

could make mistakes, but strenuously insisted he had not embezzled or appropriated any money to his own use. As a matter of fact, when he went on the weekend vacation, he borrowed $20 with the knowledge of the owner.

It will be noted that only five of the fifteen or twenty customers from whom the defendant was alleged to have made collections and failed to report testified in the case, and one of them could not identify an invoice alleged by the State to have been collected by the defendant. Ten or twelve other customers did not testify.

On the trial of the case and after hearing the evidence, the State was granted the following instruction:

The Court instructs the jury for the State that it is not necessary for the State to prove beyond a reasonable doubt that the defendant feloniously embezzled the entire amount of $540.53 as charged in the indictment before you can convict him, but that it is only necessary that the State prove by the evidence in this case beyond a reasonable doubt that the defendant did feloniously embezzle a substantial portion of that amount from the said James R. Shaw to authorize your finding him guilty.

We hold that the giving of this quoted instruction was fatal error. Barry v. State, 187 Miss. 221, 192 So. 841 (1940).

In the Barry case, *supra,* the facts were very like those in the present case. The State there requested and obtained an instruction similar to the above, and the case was reversed because of the giving of said instruction. Regarding the instruction involved in the Barry case, this Court said:

The state did not pick out particular items but the many and entire items shown in the evidence and instructed the jury that if they believed the appellant received in excess of $25, and had not accounted for

it, that they could convict him. It did not tell the jury, nor did any other instruction tell the jury, that all of the jurors must agree upon a particular sum of money. The jury were left to pick any one or more items amounting to an excess of $25 at any time embraced in the evidence, and convict. It was important and vital that the jury be informed that each of them should agree on a particular item or items, constituting the offense. (187 Miss. at 234)

The defendant requested and was refused the following instruction:

The Court instructs the jury for the defendant that even if you should believe from the evidence that money was misappropriated, nevertheless, if you further believe from the evidence that others besides the defendant had access to the money misappropriated, you should acquit the defendant of this charge, unless you are satisfied beyond a reasonable doubt and to a moral certainty, by the evidence in this case, that the defendant, and no other person, so converted it, and, in this inquiry, you should bear in mind that the law presumes every man innocent until his guilt is established beyond all reasonable doubt.

A like instruction was requested and refused in the Barry case, and this Court held that it should have been given. Under the facts and circumstances of the case at bar, this instruction for the defendant should have been given. The case is reversed and remanded.

Reversed and remanded.

*Kyle, P. J., and Ethridge, Patterson and Inzer, JJ.,* concur.