JONES, Justice:
This cause comes from the Circuit Court of Yalobusha County where the appellants were convicted of grand larceny, it being alleged that they stole a Chevrolet pickup truck and a Ford Convertible.
We do not think it necessary to discuss the assignments of error, but we are deeply concerned about the case as to the proof, and for that reason, avail ourselves of Mississippi Supreme Court Rule 6(b), and notice what we consider as a plain error not assigned.
The distinguished Judge of the lower court in passing upon a motion for a peremptory instruction used this language:
THE COURT: The motion of the Defendants for a directed verdict will be overruled. The Court will have to say in so doing that the State’s evidence up to this point is quite thin. The evidence presented by the State is wholly circumstantial as to the taking of the vehicles in question. The Court is of the opinion, though, that the proof is sufficient to present the issue for the determination of the Jury.
The Court is of the opinion that there is a serious question as to whether the vehicles in question were taken, and also whether they were taken with intent to deprive the owner of his property permanently. The taking of property for it to constitute the crime of Grand Larceny must be done with intent to deprive the owner of the property of the use of his property permanently.
We agree that the testimony is very thin as to the taking and asportation with the requisite felonious intent to deprive the owner permanently of said property.
We also agree with the distinguished trial Judge that the case is entirely one of circumstantial evidence.
Being such a case, the instructions for the State are defective in that they do not require proof of guilt “to the exclusion of every other reasonable hypothesis,” Hardy v. State, 177 Miss. 727, 172 So. 131 (1937); Warren v. State, 166 Miss. 284, 146 So. 449 (1933), and are not cured by other instructions.
The case is therefore reversed and remanded for another trial.
Reversed and remanded.
GILLESPIE, P. J., and PATTERSON, INZER, and ROBERTSON, JJ., concur.