253 So.2d 806 (1971)
Don BARRETT
v.
STATE of Mississippi.
No. 46420.
Supreme Court of Mississippi.
October 25, 1971.
Roland C. Lewis, Jackson, W.M. Conerly, Vicksburg, for appellant.
A.F. Summer, Atty. Gen. by John M. Kinard, Special Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice:
On November 9, 1970, Don Barrett, the appellant, was indicted for embezzling the sum of $400 in money, the property of his employer, Carpet City Motors, Inc., of Vicksburg, an alleged corporation, charging the appellant with the embezzlement on or before the 9th day of November A.D. 1970.
On November 24, 1970, the appellant was tried in the Circuit Court of Warren County. The jury found the "defendant guilty of embezzlement of a sum of less than $100.00." On this verdict the appellant was sentenced to serve six months in the Warren County jail and to pay a fine of $250 and costs of court. From that judgment this appeal is prosecuted.
The facts essential for the disposition of this case, stated as tersely as possible, disclose that the appellant was an employee of the Carpet City Motors. A Mr. John Bell was the owner of Carpet City Motors and he also had in his employment a man by the name of Art Kintsley who was a car salesman, as was the appellant. The record discloses that either Mr. John Bell or Mr. Alex Gold had to countersign all checks which were made by any car salesman. Art Kintsley, who when testifying was not an employee of Carpet City Motors but had been, testified that on Saturday, July 31, 1970, the owner, Mr. John Bell, had called him and asked him to make a deposit of $400 in a local bank. It appears that this deposit was to be made to cover such items as the upcoming rent and other operations of the business. Kintsley testified *807 that he and the appellant left work that evening and that they stopped at his home and while seated in the appellant's car they discussed the deposit to be made. Kintsley testified that he gave the appellant approximately $325 which he had obtained during the regular course of business the past couple of days. It further appears that this money consisted of payments which were being made by purchasers on cars previously sold. Kintsley stated that the appellant took this money and along with $75 which he (the appellant) had collected, the appellant then made out a deposit slip in the amount of $400 to the account of Carpet City Motors. Kintsley further testified that they agreed that the appellant would take the $400 to the Merchants National Bank of Vicksburg and put the money in their night depository. The appellant proceeded in his car and Kintsley followed him in his car as they went toward the bank. Kintsley testified that he saw the appellant drive into the bank and apparently make the deposit but that he did not know for sure whether the appellant had done so because he had driven on. Kintsley further testified that about a week later checks drawn on the account of Carpet City Motors began to be returned because of insufficient funds. At that time he stated an investigation was begun as to the whereabouts of the $400 which was to have been deposited on the night in question by the appellant. Mr. John Bell, president and sole stockholder of the Carpet City Motors, testified that he maintained a checking account in the Merchants National Bank in Vicksburg and only he and Alex Gold had authority to write checks on that account. He testified that if the appellant had written a check on that account either he or Mr. Gold would have had to co-sign the check. Mr. Bell corroborated that he had asked Mr. Kintsley to make the $400 deposit in order that he could pay rent and other operating expenses of the company on July 31, 1970. Mr. Bell further testified that he had written the check in the amount of $250 to the Rose Oil Company for rent on the building which Carpet City Motors occupied and that about a week later the check was returned because of insufficient funds. He stated that it was at that time that he realized the $400 had not been deposited in Carpet City Motors' account. He testified that he called the bank and that it reported that it had received no deposit in the sum of $400 to the account of Carpet City Motors on the day in question.
Mr. Bell testified that after he had investigated further into the situation he terminated appellant's employment a day or so later. On cross-examination Mr. Bell admitted that appellant had told him he made the deposit of $400 at the bank.
Richard Clyde Taylor, Vice President of the Merchants National Bank in Vicksburg, testified that Mr. Bell had requested of him certain information concerning the sum of money which was supposed to have been deposited to the account of Carpet City Motors. Mr. Taylor testified that he made a check of the deposits in the account of Carpet City Motors and found no such deposit of $400. He also testified that this was verified by the two tellers who were responsible for counting the deposits left at the night depository and verifying them the morning following their deposit. One of the two tellers was Mrs. Susan Allen Gilfoil, who testified that she checked the night deposits at the bank on the following morning after the night on which the appellant was supposed to have made his deposit and that there was no $400 deposit made to the account of Carpet City Motors that day. This was verified by Mrs. Pauline Jordon, the other teller who worked with Mrs. Gilfoil since the bank required two tellers to check the night deposits, which are of two types, one being in an envelope and the other being in a bag in which cash can be enclosed. The means of depositing the envelope containing checks or currency is different from the means used for the night depositing of cash.
The record does disclose that there was a $400 deposit made in that a transfer of *808 $400 from one account to another was made by check in an account listed as Kenneth A. Wright. The appellant testified in his own behalf. He admitted his employment with the Carpet City Motors; he admitted that he made out the deposit slip to the deposit of Carpet City Motors; that he put the money in an envelope; that he drove to the bank and made the deposit at the night depository slot.
On cross-examination appellant conceded that he was at the present time on probation of a conviction of false pretenses which he had received during the month of April 1970. Appellant urges that there was no showing made whatsoever on the part of the state that he embezzled any money and that he should have been granted a directed verdict upon the state having rested its case and that the court erred in not doing so. Mississippi Code 1942 Annotated section 2115 (1956) is the section under which this appellant was indicted, convicted and sentenced. It reads as follows:

§ 2115. Embezzlement  by agents, bailees  property generally.
If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
Six assignments of error are urged by the appellant. We will treat those errors which we feel merit our consideration, the first being that the court erred in overruling defendant's motion for a directed verdict and denying defendant's request for a peremptory instruction together with the appellant's contention that the verdict of the jury and the judgment is against the overwhelming weight of the evidence. There is no merit in this contention. The record clearly reflects that the appellant was a car salesman of the Carpet City Motors; that he and a Mr. Art Kintsley were both employed in the selling of cars purchased or owned by the Carpet City Motors, hereinafter called Motor Company. The testimony of the President, Mr. John Bell, is undisputed that he notified Mr. Kintsley to make a $400 deposit in the Merchants National Bank of Vicksburg. It is disputed that the appellant knew this deposit was to be made. The record discloses that Kintsley gave to the appellant the sum of $325 or some sum of money since this amount is later disputed, and that the appellant made up the difference from monies which he had collected so that $400 was raised. The appellant himself admits that he made out the deposit slip, and that he placed it in the envelope together with the money and that he drove to the bank and made the deposit at the night depository slot. The record discloses that there was no envelope with $400 therein or a deposit slip payable to the Motor Company. This was testified to by the vice president of the Merchants National Bank of Vicksburg and two tellers, Mrs. Susan Gilfoil and Mrs. Pauline Jordon.
There is but one controlling basic issue presented, which is simply: Did the state meet its burden of proof and establish the embezzlement of the $400 on the part of the appellant by conversion to a moral certainty to the exclusion of every reasonable hypothesis but that of guilt?
As always, the burden of proving the intent to embezzle and establishing the *809 intent of conversion rests squarely upon the state. Since 1904 this Court has constantly held that where the state's proof consists of circumstantial evidence, the state is required to prove its case not only beyond a reasonable doubt but to a moral certainty and to the exclusion of any other reasonable hypothesis of innocence. It is doubtful that this Court has ever reviewed a criminal case which is based on circumstantial evidence in toto. The difference is one of degree where circumstantial evidence is concerned. In this case no one disputed appellant's statements that he made out the deposit slip and he deposited the deposit slip together with the $400 in the night depository of the Merchants National Bank of Vicksburg. The state proved by circumstantial evidence that the deposit slip and money were not found by the two employees who opened the night deposit vault and removed the contents thereof.
The record discloses that only one of the two lady tellers whose duties it was to empty and to make a report of the deposits which had been made in the night depository actually checked the envelopes and bags of cash. One teller opened the envelopes, noted the number of the depositor on the deposit slip and the amount of the check or cash which was in the envelopes and bags. The other teller recorded this information in a record book. The transcript further reveals that two other tellers verified the report of the two lady tellers who took charge of the night deposits. It is not clear just how these two additional tellers made their verification except to total the amounts as shown by the deposits and record book and by adding the sums on an adding machine. The testimony in the case at bar also shows that the vice-president was used to verify the work of the tellers and that he relied upon the record book, and even he conceded that human beings are not exempt from error.
The state chose, when relying upon circumstantial evidence, to escape the time honored rule of law which was operative as reflected in Cicely, A Slave v. State of Mississippi, 21 Miss. 202, 13 Smedes & M. (1849), which requires it to prove to the exclusion of every other reasonable hypothesis except that of guilt, by seeking and obtaining an instruction that the burden which rested upon the state was solely that of proving beyond a reasonable doubt the guilt of the appellant.
Although the appellee under the facts of this case did not request and obtain an instruction requiring the state to prove to a moral certainty and to the exclusion of every other reasonable hypothesis except that of guilt, nevertheless appellant was entitled to such an instruction and the state should not have been granted the instruction it asked which denies the appellant this valuable requirement. In Overstreet v. State, 240 Miss. 861, 128 So.2d 115 (1961), the Court found as follows:
The State was granted two instructions on the merits, which instructions required belief from the evidence of appellant's guilt beyond a reasonable doubt, but neither required that "the evidence must exclude every other reasonable hypothesis consistent with his innocence." Warren v. State, 166 Miss. 284, 146 So. 449; Hardy v. State, 177 Miss. 727, 172 So. 131; Williams v. State, 220 Miss. 800, 72 So.2d 147.
The State, by its instructions, was not required to meet its full burden. No instruction for the appellant cured this error, and for the omission of the above quoted qualification, the judgment must be reversed and remanded. (240 Miss. at 862, 128 So.2d at 116.)
This Court cited Supreme Court Rule 6(b) which provides as follows:
No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified.
Although in the Overstreet case neither the appellant nor the state asked for the instruction requiring the state to prove to a *810 moral certainty and to the exclusion of every other reasonable hypothesis except that of guilt, nevertheless this Court reversed and remanded the case because: "The State, by its instructions, was not required to meet its full burden." Therefore, for said reason, we reverse and remand this case because the state was not required to meet the prerequisite burden of proving the appellant guilty to a moral certainty and to the exclusion of every other reasonable hypothesis other than that of guilt. The jury was not properly instructed as to what degree of proof is essential before a verdict of guilty can be returned. Hill v. State, 252 Miss. 827, 173 So.2d 920 (1965). In the case at bar the words of Judge Truly in Thompson v. State, 83 Miss. 287, 35 So. 689 (1904) have application and are worthy of consideration:
It has always been, is now, and we trust ever shall be, the law in criminal cases that, where there are two reasonable hypotheses arising out of and supported by the evidence, it is the duty of the jury to adopt the hypothesis consistent with innocence, even though the hypothesis of guilt be the more probable. * * *
We again urge upon trial courts that they should not experiment as to how few instructions they can grant defendant and still be sustained, but should see that every right which he is guaranteed under the law is liberally granted to the defendant, and leave the final decision upon the facts to the fairness and common sense of the juries. * * * (83 Miss. at 289, 35 So. at 690.)
Reversed and remanded.
RODGERS, P.J., and JONES, PATTERSON and SMITH, JJ., concur.
SUGG, J., GILLESPIE, C.J., and INZER and ROBERTSON, JJ., dissent.
SUGG, Justice (dissenting):
I respectfully dissent from the majority opinion which reverses and remands this case.
The majority opinion discusses in great detail the evidence and no useful purpose would be served by a restatement of all the evidence introduced in the record; however, it is noted that the proof on behalf of the State showed that the night depository of the bank was so constructed that when deposits were made after banking hours, the deposits moved through a chute into a vault in the bank, which could not be opened until the alarm was released at the beginning of each business day.
The alarm system is tied into the operation of the main vault which has a time lock on it. When a predetermined time arrives, the main vault can be opened and when it is opened the alarm can be released on the night depository.
The proof for the State also showed that it was impossible to extract a deposit from the night depository once the deposit was dropped into the proper slot until the vault was opened.
The two employees of the bank whose duty it was to open the night depository by means of a key and a combination testified that they removed all of the deposits on the day in question and that a deposit from Carpet City Motors was not in the night depository. They were the only persons who had access to or handled the night deposits on August 3, 1970.
The proof shows that the appellant had in his possession the money of his employer that he was charged with embezzling; that he claimed to have put the money in the night depository; that it was not there when the bank was opened; that it could not be removed from the night depository through the slot through which it was supposed to have been dropped, and on this evidence the jury was justified in believing that he did not make the deposit as claimed, but kept the money for himself.
The jury found appellant guilty of embezzlement of a sum less than $100 because from the testimony there was some question as to whether or not the $325 contributed *811 to the deposit by Art Kintsley was the property of Carpet City Motor Company or the property of an insurance agent in Jackson, Mississippi. The proof clearly showed that the defendant, by his own admission, added $75 to the money furnished to him by Art. Kintsley, the $75 having been collected by the defendant as an employee of Carpet City Motor Company in the course of his employment. There is no question that at least $75 of the $400 deposit was the property of Carpet City Motor Company.
From the statement of facts in the majority opinion and the above comment on the facts in this case, it is clear that the evidence is partly circumstantial and partly direct, and is not wholly circumstantial.
The majority opinion reverses because the State did not secure an instruction requiring the State to prove beyond a reasonable doubt and to a moral certainty to the exclusion of every other reasonable hypothesis except that of guilt. The State is only required to secure such an instruction where the proof for the State is based on evidence that is wholly circumstantial. The majority opinion cites several cases which clearly enunciate this rule.
Overstreet v. State, 240 Miss. 861, 863, 128 So.2d 115, 116 (1961) is a case in which the conviction of the defendant for the crime of burglary was reversed. The Court stated that the evidence was wholly circumstantial and that the appellant had no counsel. On suggestion of error the Court stated:
We think the assignments of error and the brief on appeal, although perhaps not as specific as they should have been, adequately raised the issue as to whether the State's evidence and instructions complied with its burden of proof in a case based alone upon circumstantial evidence, namely, that the evidence must exclude every other reasonable hypothesis consistent with defendant's innocence. The State's instructions failed to define this necessary burden of proof, and were confined solely to the theory of guilt beyond a reasonable doubt. In short, the assignment of errors and the brief adequately raised the issue, upon which the original decision reversed the conviction. (Emphasis supplied).
The case of Warren v. State, 166 Miss. 284, 146 So. 449 (1933) was an appeal from a conviction of burglary. The Court stated in its opinion that evidence as to the commission of the burglary and the identity of the burglar was wholly circumstantial and that the appellant was without counsel and the case was submitted to the jury on instructions for the State only, one of which was as follows:
The court further instructs the jury for the state that you do not have to know that the defendant in this case is guilty to convict him; all that is required of the state to convict is to satisfy the jury beyond a reasonable doubt that the defendant is guilty, and when the state has done this it is the duty of the jury to convict him.
The Court then stated that there were two errors in the instruction:
First, the jury was not required to form their belief of the defendant's guilt "from the evidence;" second, it omits, as do the state's other instructions, the necessary qualification that in order for appellant's guilt to appear beyond a reasonable doubt the evidence must exclude every other reasonable hypothesis consistent with his innocence.
In the case of Hardy v. State, 177 Miss. 727, 730, 172 So. 131 (1937) the Court stated:
It will be observed that both of these instructions omit the necessary qualification that in order for appellant's guilt to appear beyond a reasonable doubt "the evidence must exclude every other reasonable hypothesis consistent with his innocence." In a case such as this where the evidence is entirely circumstantial, *812 the instruction or instructions must include the above-quoted qualification else the verdict and judgment must be reversed. (Emphasis supplied).
In the case of Williams v. State, 220 Miss. 800, 810, 72 So.2d 147, 151 (1954) the Court reversed and rendered judgment discharging the appellant because of evidence which it found to be inadmissible, and which was without doubt, the principal instrument in the conviction.
The Court stated:

The State's evidence is wholly circumstantial, and could create, if anything, only a suspicion of guilt in the minds of the jury. But where the evidence is wholly circumstantial, the rule is that the defendant must be proved guilty not only beyond a reasonable doubt, but also to the exclusion of every other reasonable hypothesis consistent with her innocence. (Emphasis supplied).
An examination of the record in the Williams case, supra, reveals that the State, knowing the rule of law announced in the preceding cases, obtained an instruction to the effect that the State was required to prove the case beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of guilty.
The Williams case is not authority for the proposition before the Court, but was decided on an entirely different question.
The majority opinion also cites the case of Hill v. State, 252 Miss. 827, 173 So.2d 920 (1965). This case involved a route salesman who had three routes that he covered twice each week. The defendant took orders for meats and also collected from his customers for accounts due. The defendant had the custom of spending money on his routes for meals, cigarettes or other items and on reporting to the office, if he checked in under the amount due the company, this amount would be deducted from his weekly pay. If he had more money than his account called for the overage was returned to him. It was explained that the overage could occur either from a mistake or from the fact that he went out with money of his own which became intermingled.
On the trial it was shown that the amounts so alleged to have been embezzled involved accounts with 15 to 20 customers, ranging from approximately $6 to around $32. There were many items and several items to each customer. The alleged embezzlement was charged to have occurred during a period of about two months just before the vacation.
The appellant's testimony showed that when he returned in the afternoon he made his settlement with as many as one of five different people, but only two persons testified at the trial claiming that they were the only two who made settlements with him during the last two months. Only 5 of the 15 or 20 customers from whom the defendant was alleged to have made collections and failed to report testified in the case; thus 10 or 15 other customers did not testify.
The case was reversed because of an error in an instruction given the State of Mississippi and because the defendant requested and was refused an instruction. The State's instruction was as follows:
The Court instructs the jury for the State that it is not necessary for the State to prove beyond a reasonable doubt that the defendant feloniously embezzled the entire amount of $540.53 as charged in the indictment before you can convict him, but that it is only necessary that the State prove by the evidence in this case beyond a reasonable doubt that the defendant did feloniously embezzle a substantial portion of that amount from the said James R. Shaw to authorize your finding him guilty. (252 Miss. 827 at 830, 173 So.2d 920 at 921).
The defendant's requested instruction which was refused was as follows:
The Court instructs the jury for the defendant that even if you should believe from the evidence that money was misappropriated, nevertheless, if you further believe from the evidence that others besides *813 the defendant had access to the money misappropriated, you should acquit the defendant of this charge, unless you are satisfied beyond a reasonable doubt and to a moral certainty, by the evidence in this case, that the defendant, and no other person, so converted it, and, in this inquiry, you should bear in mind that the law presumes every man innocent until his guilt is established beyond all reasonable doubt. (252 Miss. 827 at 831, 173 So.2d 920 at 922).
The Hill case is not authority in support of the majority opinion.
The above cases cited as authority for reversal either dealt with cases where the evidence was wholly circumstantial, or were decided on other grounds that have no application to the instant case.
The majority opinion fails to recognize the distinction between cases which are wholly circumstantial and cases where the evidence is in part direct and in part circumstantial such as the case at bar. In the case of Poole v. State, 231 Miss. 1, 4, 94 So.2d 239, 240 (1957) the Court stated:
Poole says that the trial court committed error in that no instruction granted him contained the necessary qualification that in order for his guilt to appear beyond every reasonable doubt the evidence had to exclude every reasonable hypothesis consistent with his innocence. The contention is not well taken for these reasons: First, the trial judge was not requested to grant such an instruction; Second, the guilt or innocence of Poole did not rest entirely upon circumstantial evidence; and, Third, Poole requested and was granted nine instructions by which the jurors were told that in order to convict him the jurors need only believe him guilty beyond every reasonable doubt from the evidence, no instruction containing the qualification that the evidence had to exclude every other reasonable hypothesis. An accused cannot complain of the granting of instructions which are in harmony with those requested by and granted to him. Wilson v. Zook, 69 Miss. 694, 13 So. 351; National Casualty Co. v. Johnson, 219 Miss. 1, 67 So.2d 865. (Emphasis supplied).
It is here noted that the circuit judge cannot originate instructions or give them on his own motion. Mississippi Code 1942 Annotated section 1530 (1956); Gangloff v. State, 232 Miss. 395, 99 So.2d 461 (1958).
The appellant was entitled to an instruction that the evidence must exclude every reasonable hypothesis consistent with innocence, but it was his duty to request such instruction. Poole v. State, supra.
The state, by its instructions, properly presented the law of the case to the jury. The case should be remanded for proper sentence under Mississippi Code 1942 Annotated section 2538 (1956) as amended by Chapter 346, Laws of 1970, which provides that on conviction of embezzlement where the value of the money or property is less than $100 the offense shall be punished as petit larceny, which punishment is limited by Section 2242 of the Mississippi Code of 1942 as amended to imprisonment in the county jail for not more than 3 months or by fine not exceeding $100.00, or both.
GILLESPIE, C.J., and INZER and ROBERTSON, JJ., join in this dissent.