## STATE OF MISSISSIPPI *v.* JEREMIAH M. TATE.

1. JUSTICE OF THE PEACE. *Place of holding court. Jurisdiction.* Code 1892, § 2399.

   Under code 1892, § 2399, so providing, a justice of the peace must hold his court within the district for which he was elected. He is without jurisdiction to hold it elsewhere.

2. CRIMINAL LAW. *Perjury.*

   Perjury cannot be predicated of false swearing before a justice of the peace assuming to hold his court without his district.

3. CRIMINAL PROCEDURE. *Motion to exclude evidence.*

   A motion by a defendant to exclude all the evidence and for a peremptory instruction in his favor, cannot rightfully be made

before all the evidence for the prosecution has been heard, unless the state admits the absolute truth of the facts upon which the motion is based.

FROM the circuit court, second district, of Yalobusha county. HON. Z. M. STEPHENS, Judge.

This case was a prosecution of appellee, Tate, defendant in the court below, for perjury. At the conclusion of the testimony of the first witness for the state, the defendant moved the court to exclude the evidence and to instruct the jury, peremptorily, to find defendant not guilty. This motion the court below sustained. A judgment for defendant was rendered and the state appealed to the supreme court. The record does not affirmatively show it, but presumably the prosecuting attorney admitted as a fact that the justice of the peace before whom the indictment charged the false swearing to have been made was assuming to hold his court without his district. The facts are stated in the opinion of the court.

*Monroe McClurg,* attorney-general, for appellant.

It is shown by the record that it was the custom of justice of the peace Goforth to hold his court out of his district, and that appellee himself, either in recognition of the custom or by an agreement with his adversary, had just tried a case before the same justice at the same place, and that in the particular trial in which he is accused of committing perjury, and to which trial he was a party defendant and represented by counsel, he not only failed to plead jurisdiction, or to appeal, but expressly agreed to the trial then and there by Justice Goforth.

The justice had jurisdiction to render a valid judgment and that judgment is conclusive upon the appellee, and he cannot now make collateral attack upon the judgment itself or the proceedings that led up to it. Constitution 1890, § 171; code 1892, §§ 2392, 2395; *Cross* v. *Levy,* 57 Miss., 634; *State* v. *Ridley,* 114 N. C., 827; *State* v. *McCaffery,* 75 Mich., 115.

Tate evidently won his case by his own testimony and got

the full benefit of his oath, and will not now be heard to question the jurisdiction.

No counsel appeared in the supreme court for the appellee.

TERRAL, J., delivered the opinion of the court.

Tate, the appellee, was indicted for perjury in the circuit court of Yalobusha county. The perjury is charged to have been committed upon the trial of a civil cause before H. A. Goforth, a justice of the peace of district No. 2 of said county. Goforth was the only witness put upon the stand; he testified that he was elected a justice of the peace of district No. 2 of said county, and that the case of *Wagner & Co.* v. *J. M. Tate* was brought before him, in the trial of which case perjury is alleged to have been committed by Tate; but that he held his court and tried said cause in district No. 3 of said county. Other evidence was given by Goforth, but not enough to support a conviction of the defendant. Whereupon the defendant's counsel moved the exclusion of all the evidence and for a peremptory instruction in favor of the defendant, which was done. In our opinion it would have been proper for the court to have heard all the evidence in the case before forcing the state to rest the prosecution; for it might have been that the state could have offered stronger proof of the guilt of the defendant than the testimony given by Goforth, and it might have shown that the trial of the case was had in district No. 2, and not in district No. 3, as was supposed by Goforth.

But if we are to understand the district attorney as consenting that the testimony of Goforth that the trial of the case of *Wagner & Co.* v. *Tate* was had in district No. 3, was in fact true, then it would have been useless to have proceeded further.

Justice Goforth could hold his court only in district No. 2, the district of his election. By § 2399, annotated code, a justice of the peace is required to hold his court in his dis-

trict, and Goforth was without jurisdiction to try the case in district No. 3. The matter was jurisdictional and the action of Goforth was a nullity. *Phillips* v. *Thrall,* 26 Kan., 780; *Durfee* v. *Grinnell,* 69 Ill., 371.