HORN *v.* STATE.

(Division A. Oct. 9, 1939.)

[191 So. 282. No. 33667.]

Earle L. Wingo and Dale & Koonce, all of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of perjury and assigns two errors: (1) that the court below should have directed the jury to find him not guilty, and (2) an instruction for the state is erroneous in that it does not advise the jury that perjury must be established by the evidence of two witnesses or one witness and corroborating circumstances. The record discloses that on the trial of Mary Breland, charged with the sale of intoxicating liquor, the appellant testified for the state that he purchased such liquor from Mary. She was convicted, but obtained a new trial. About thirty days thereafter the appellant advised Mary's attorney that he was in doubt about the matter, and was not sure whether Mary was the person who sold him the liquor.

Just before Mary's case was called for trial the second time a deputy sheriff told the appellant not to leave the courtroom as the case would soon be tried, whereupon the appellant said to the deputy: "I am going to clear her this time." When he was introduced as a witness on Mary's trial, he said that "I couldn't swear whether it was Mary Breland or some other negro woman; there were several other negroes in the house." The district

attorney then proceeded no further with Mary's trial, and the appellant was ordered into custody to await the action of the Grand Jury on the charge of perjury. As he was being taken to the jail, he said to a deputy sheriff: ''I acted a fool, but if I ever get out of this mess, I will know how to testify after this.'' The evidence further discloses that Mary's residence was searched by police officers who found the appellant there, and he told them that he had bought intoxicating liquor from her. The appellant had known Mary for about four months and knew that the house was her residence. He stated on his trial for perjury that several other negro women were present, that the sale occurred at night, and the house was not then lighted.

Ordinarily perjury must be proven by the testimony of two witnesses or of one witness and corroborating circumstances. Where the accused has made conflicting sworn statements, one witness to the falsity of the statement with which he is charged is sufficient. Hemphill v. State, 71 Miss. 877, 879, 16 So. 261. According to high authority other evidence from which the falsity of the statement is made to appear is also sufficient, 2 Bishop's Criminal Procedure (4 Ed.), 931; 4 Wigmore on Evidence (2 Ed.), Section 2043. There being no evidence as to the falsity of the statement with which the appellant is charged other than his own conflicting statements made on Mary Breland's two trials, the appellant's request for a directed verdict should have been granted.

Reversed and the appellant discharged.