TRIBBLE v. STATE.

Division B.   Jan. 22, 1951.

No. 37764 (50 So. (2d) 148)

**J. L. Thompson,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Roberds, P. J.**

Tribble was convicted of perjury and sentenced to the state penitentiary for ten years. The perjury consisted, the State alleged, in false testimony given by Tribble as a witness in the case of the State against Stafford Agee charged with the murder of Sam Ellis. The falsity consisted in the testimony of Tribble ''That he did not know who fired the shot that hit and killed Sam Ellis, that Sam Ellis had threatened to kill Stafford Agee''; that in truth he did know that Agee fired that shot and he also knew that Ellis had not threatened to kill Agee. The only proof of the falsity of the testimony of Tribble as given on the trial of the Agee case was contained in an affidavit made by Tribble after the shooting of Ellis and before the trial of Agee. In that extra judicium affidavit Tribble stated that Agee and Ellis were in an argument and a scuffle over a dollar and that Agee shot Ellis when Ellis had no weapon in his hand. ██ The affidavit and the testimony were, of course, contradictory. However,

there is no proof whatever of the falsity of the testimony except the contradictory statements of the accused. That is not enough to establish perjury under the former holdings of this Court and the authorities generally. Section 2315, Miss. Code 1942; Horn v. State, 186 Miss. 455, 191 So. 282, 283; 41 Am. Jur. 37, Section 67. In the Horn case, the Court used this language "Ordinarily perjury must be proven by the testimony of two witnesses or of one witness and corroborating circumstances. Where the accused has made conflicting sworn statements, one witness to the falsity of the statement with which he is charged is sufficient", citing Hemphill v. State, 71 Miss. 877, 16 So. 261.

It was necessary for the State to prove the falsity of the testimony given as a witness. Not only was there no other witness who did that, but the conflicting statements of accused did not prove which statements were false, those in the affidavit or those given as a witness.

Reversed and appellant discharged.