SEBRING, H. L., Associate Judge.
Alice Loraine Duval, the defendant below, was tried and found guilty of perjury. She has appealed from the judgment and sentence..
*790 The facts necessary to an understanding of the issues are as follows: Alice Loraine Duval was called on July 3, 1957, to testify before an assistant County Solicitor of Hillsborough County, Florida, in connection with an investigation he was conducting in respect to a criminal assault supposed to have been made by one Merritt Duval, the husband of the defendant, upon one Joyce Carol Jones, the 12-year old daughter of the defendant. After first being placed under oath by the assistant County Solicitor the defendant is supposed to have testified that on or about June 26, 1957, she had seen her husband fondle his stepdaughter, Joyce Carol Jones, by placing his hand on her breast. Based upon this testimony, and upon testimony that is supposed to have been given by Joyce Carol Jones at the same hearing, the County Solicitor of Hills-borough County filed a criminal information against Merritt Duval charging him with having made a criminal assault upon his stepdaughter, Joyce Carol Jones, on or about June 26, 1957, by placing his hand on her breast.
After the case against Merritt Duval had been set for trial, the County Solicitor’s office caused a witness subpoena to be issued by the Clerk of the Criminal Court of Record of Hillsborough County commanding Alice Loraine Duval to appear as a witness before the Judge of said Court, on August 1, 1957, at 9:00 o’clock in the forenoon, to testify in said cause in behalf of the State of Florida. When, in pursuance of the subpoena, Alice Loraine Duval appeared at the courthouse on the day designated, but before she had been called into the courtroom to testify, she was taken into a side room and there placed under oath by the acting County Solicitor and then questioned by him as to the testimony she intended to give at the pending trial of her husband.
At this hearing, Alice Loraine Duval is supposed to have given testimony that was in irreconcilable conflict with the testimony supposed to have been given by her at the former hearing on July 3, 1957, and, in particular, to have testified that she did not remember the details of the testimony given by her at said hearing and that if she testified at said hearing that she had seen her husband place his hand on the breast of her minor daughter such testimony was not true.
Because of the repudiative statements supposed to have been given by Alice Loraine Duval to the acting County Solicitor on the morning of August 1, 1957, the County Solicitor’s Office of Hillsborough County filed a criminal information against her charging her with perjury, in that while under oath she had falsely testified at the hearing on August 1, 1957, that she had not seen her husband place his hand on the breast of her daughter on or about June 26, 1957, when in truth and fact she had seen him do so, which testimony was material to the issue in the criminal cause then pending against her husband, the said Alice Loraine Duval knowing at the time she gave said testimony that the same was false and untrue.
To support the charge in the criminal information filed against Alice Loraine Du-val, the prosecution produced at the trial the court reporter who took the testimony at the first hearing on July 3, 1957, and certain other persons who were present at the hearing, who gave evidence to the effect that after having first been sworn by the assistant County Solicitor the defendant had stated, in answer to questions propounded to her, that on June 26, 1957, while in the kitchen of the home of the parties, Merritt Duval, her husband, had placed his hand on her daughter’s breast and that she had seen him do so.
The prosecution then produced other witnesses, including another court reporter, who were present at the hearing held on August 1, 1957, who gave evidence to the effect that after having first been sworn by the acting County Solicitor, Alice Loraine Duval stated that she had not seen her husband place his hand on her daughter’s breast, on or about June 26, 1957, or on any other date; that she did not remember male- *791 ing a statement to such effect at the hearing held on July 3, 1957, and that if she made such a statement at that time the same was untrue. The witnesses further testified that after being rather severely grilled by the acting County Solicitor the defendant finally admitted having made, at the first hearing, the statement attributed to her but, nevertheless, persisted in her position that the statement was untrue.
As the final witness in support of the charge, the State called Joyce Carol Jones, the minor daughter of the defendant, who testified, in effect, that on June 26, 1957, while she was washing dishes at the kitchen sink in their home, her stepfather, Merritt Duval, had walked up behind her and had placed his hand on her breast; that she had turned to her mother who was sitting in the room with her hack to her daughter and had said “Mother, tell him to stop”; that without turning around or looking toward her husband or her child to see what had 'happened, the defendant responded, in answer to the child’s complaint, “Mert, you better behave yourself.”
It is contended by the defendant that the evidence adduced by the state was not sufficient to support the charge set forth in the information, and with this contention we agree.
As early as 1882, the rule was established in this jurisdiction that “If a witness testifies either in two different causes, or in one cause at different examinations, or at one examination, to two opposite things irreconcilable with each other, he commits perjury in making the false statement, but not in making the true one, and though what he said when he told the truth may be shown in evidence against him on an indictment for the falsehood, yet there must be testimony outside of his own contradictory statements as to which of them is false.” Freeman v. State, 19 Fla. 552. See, also, Hall v. State. 136 Fla. 644, 187 So. 392, 404, wherein it is said, “It is quite generally held that it is not sufficient to prove a charge of perjury by merely proving that the defendant had, at different times, testified to two opposite things irreconcilable with each other. There must be testimony outside of the defendant’s own contradictory statements as to which of such statements is false. * * * ”
While there can be no doubt that in the instant case there was evidence from which the jury could have lawfully found that on different occasions the defendant made statements under oath that were “irreconcilable with each other,” the most that can be said for the testimony given by the minor child — the only witness produced by the State to prove which of the statements was false — was that if it proved anything in respect to the charge against the defendant it proved that the allegedly false statement made by the defendant on August 1, 1957, was in fact true. This is necessarily the net effect of the child’s testimony; for even if the testimony given by the child is to be accepted as true, all that it proved was that the stepfather placed his hand on the child’s breast at the time and place set forth in the criminal information filed against the stepfather, but not that the mother was an eye-witness to what took place at the time.
 Since the testimony given by the child was the only evidence adduced by the state in its attempt to prove one indispensable element of the perjury charge against the defendant; namely that the defendant had actually seen her husband play with her child’s breast, and hence must have given false testimony at the second investigative hearing held before the acting County Solicitor, the State has wholly failed to satisfy the rule of proof laid down in Hall v. State, supra, that in order “to sustain a conviction of perjury, the offense must be proved by the oaths of two witnesses, or by the oath of one witness and other independent corroborating circumstances which are deemed of equal weight with the testimony of another witness.”
Since this failure of proof must necessitate a reversal of the judgment and the re *792 mand of the cause for a new trial, it is unnecessary for us to determine whether or not, or under what circumstances, an acting county solicitor may administer validly binding oaths to witnesses, under sections 27.04, 32.16 and 32.17 Florida Statutes 1957, F.S.A., or to what extent, if any, an assistant county solicitor may exercise such power.
The judgment appealed from should be reversed and the cause should be remanded for a new trial.
It is so ordered.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.