516 So.2d 474 (1987)
Otha D. HOGAN, Jr.
v.
STATE of Mississippi.
No. 56724.
Supreme Court of Mississippi.
November 12, 1987.
Rehearing Denied January 6, 1988.
*475 Bobby J. Garraway, Lumberton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
HAWKINS, Presiding Justice, for the Court:
Otha D. Hogan, Jr., appeals from a conviction of perjury in the circuit court of Lamar County and sentence to five years' imprisonment. The issue we address on this appeal is whether two mutually contradictory statements under oath can support a conviction for perjury under Miss. Code Ann. § 97-9-59 (1972). We hold that it can, but only in certain cases where the State is unable to offer additional proof of falsity. Since the record in this case does not reflect an unavailability of such additional evidence, we reverse and remand for proceedings consistent with this opinion.

FACTS
On July 21, 1982, Hogan was indicted by the grand jury of Lamar County for murder. His case was set for trial on October 14, 1982, and on that day he entered a plea of guilty to the reduced charge of manslaughter. The record shows that under oath Hogan was questioned extensively by the court, and stated that he understood the consequences of his plea, and that he entered it freely and voluntarily. The court then sentenced him to fifteen years in prison.
Thereafter, on February 27, 1984, Hogan filed a petition for a writ of habeas corpus under oath in the Lamar County circuit court, stating that the guilty plea he had made was not freely and voluntarily made, and was given without any intelligent and knowing understanding of his plea.
On June 25, 1984, the grand jury of Lamar County indicted Hogan for perjury. The indictment, as most perjury indictments under our practice and procedure, is lengthy. It alleges the two different statements made under oath by Hogan. The final paragraph of the indictment reads:
Whereas, the State of Mississippi would show that both claims by the defendant *476 were made under oath and that both claims by the defendant directly contradict each other and that the said defendant well knew of this complete untruth of one of these statements under oath either the statement entered on October 14, 1982 or the sworn petition filed on Feb. 27, 1984 and the Grand Jurors aforesaid, do say and present that the said Otha D. Hogan on one of the two aforementioned dates, either October 14, 1982 or February 27, 1984 did falsely, maliciously, wickedly, knowingly, corruptly and feloniously in the manner and form as aforesaid did commit willful and corrupt perjury in violation of Section 97-9-59 of Mississippi Code of 1972 as amended.
On December 7, 1984, Hogan moved to quash the indictment for failure to allege every essential element of the crime, as well as "what the truth is in relation to the matter of which perjury is assigned." While proof was adduced at trial indicating Hogan was well advised of his rights in his plea of guilty, the prosecution never designated which of Hogan's statements was considered false. Over Hogan's objection the State was granted instruction S-3:
INSTRUCTION
THE COURT INSTRUCTS THE JURY THAT THE DEFENDANT, OTHA D. HOGAN, IS CHARGED WITH THE CRIME OF "PERJURY", AND IF YOU BELIEVE FROM THE EVIDENCE IN THIS CASE BEYOND A REASONABLE DOUBT THAT:
1. THE DEFENDANT WAS PLACED UNDER OATH ON THE 14th DAY OF OCTOBER 1982, BY WAYNE PARKER, CIRCUIT CLERK OF LAMAR COUNTY, MISSISSIPPI, AND UNDER OATH STATED THAT HE WANTED TO ENTER A PLEA OF GUILTY TO "MANSLAUGHTER" AND THAT SAID PLEA WAS ENTERED FREELY AND VOLUNTARILY AND THAT HE UNDERSTOOD THE CONSEQUENCES OF HIS PLEA AND THE RECOMMENDED SENTENCE AND THAT HE WAS FULLY AND COMPLETELY SATISFIED WITH EVERY ASPECT OF THE PLEA BARGAIN AGREEMENT AND DID THEN AND THERE PLEAD GUILTY TO "MANSLAUGHTER" AND DID NOT WITHDRAW HIS PLEA, STATING UNDER OATH THAT HE UNDERSTOOD ALL THE TERMS OF HIS PLEA, THE QUESTIONS PROPOUNDED BY THE COURT AND ALL EXPLANATIONS MADE IN THIS CASE, AND IF YOU BELIEVE BEYOND A REASONABLE DOUBT FROM THE EVIDENCE THAT
2. ON THE 27th DAY OF FEBRUARY, 1984, THE DEFENDANT, OTHA D. HOGAN, FILED WITH THE CIRCUIT COURT A PETITION FOR WRIT OF HABEAS CORPUS, SWORN UNDER OATH STATING THAT THE PLEA HE ENTERED ON OCTOBER 14, 1982 IN LAMAR COUNTY CIRCUIT COURT AFORESAID, WAS MADE INVOLUNTARILY AND WITHOUT INTELLIGENT AND KNOWING UNDERSTANDING OF THE CONSEQUENCES THAT WOULD RESULT OF THE PLEA, AND
3. FURTHER IF YOU BELIEVE FROM THE EVIDENCE IN THIS CASE BEYOND A REASONABLE DOUBT THAT BOTH STATEMENTS BY THE DEFENDANT WERE MADE UNDER OATH AND THAT BOTH CLAIMS DIRECTLY CONTRADICT EACH OTHER TO THE EXTENT THAT EITHER ONE OF THE TWO STATEMENTS MADE UNDER OATH, THE DEFENDANT WELL KNEW OF THE COMPLETE UNTRUTH OF ONE OF THESE STATEMENTS, EITHER THE PLEA ENTERED ON OCTOBER 14, 1982, OR THE SUBSEQUENT PETITION FILED UNDER OATH ON FEBRUARY 27, 1984, AND THAT AS A RESULT THEREOF DID FALSELY MALICIOUSLY, WICKEDLY, KNOWINGLY, WILFULLY, CORRUPTLY, AND FELONIOUSLY COMMIT WILFUL AND CORRUPT PERJURY IN THAT ONE OF THE STATEMENTS WAS A COMPLETE FALSEHOOD AND A LIE UNDER OATH, THEN YOU SHALL FIND *477 THE DEFENDANT, OTHA D. HOGAN, GUILTY AS CHARGED.
The jury found Hogan guilty of perjury, and he has appealed.

LAW
Miss. Code Ann. § 97-9-59 (1972) provides in pertinent part:
Every person who shall wilfully and corruptly swear, testify or affirm falsely to any material matter under oath, affirmation or declaration legally administered in any matter, cause or proceeding pending in any court of law or equity, or before any officer thereof, ... shall be guilty of perjury. .. .
There is no question but that the sworn statements by Hogan were material to the issue before the court. Without the first, no valid plea of guilty could have been received and entered by the circuit judge. Without the second, Hogan's petition for a writ of habeas corpus would not have stated a claim. The materiality of these statements was a question of law for the court's, not the jury's, determination. Brewer v. State, 233 So.2d 779 (Miss. 1970); State v. Tate, 77 Miss. 469, 27 So. 619 (1900). Neither can there be any question but that Hogan did indeed testify and swear falsely in a circuit court proceeding.
The only missing ingredient is on which date did he lie?
The question before us is whether proof that an accused knowingly and wilfully has made two mutually contradictory statements on a material matter under oath without more can support a conviction of perjury under this statute.
We hold that it can, but only in certain special factual scenarios which we delineate in this opinion.
Because we are unable from this record to determine whether this case falls within such special circumstances, we reverse and remand.
It is, of course, true that in perjury the corpus delicti must be established by the State as it must in all crimes. Thus, in an ordinary case of perjury where the accused has made only a single statement under oath, in order to prove that he lied  that perjury has been committed  it is incumbent on the State to first prove the actual truth. See: Chenault v. State, 154 Miss. 21, 122 So. 98 (1929). And, even where the accused has made statements under oath which are at variance with or contradict one another, the State in the usual case is in a position to designate on which date he lied, and again make proof by showing the true facts on that date. This is because, as a general rule, it is the very fact that the State is easily capable of showing the truth that makes the perjury blatant and so deserving of punishment. The contradictory statements made by the accused in such instances are strong corroborating evidence of perjury. See: Hemphill v. State, 71 Miss. 877, 16 So. 261 (1894); People v. Glenn, 294 Ill. 333, 128 N.E. 532 (Ill. 1920).
But what about that special case when an accused has made two mutually contradictory statements of a fact or a state of mind of which he could not have been mistaken, one of which has to be true and the other has to be false, and which as a practical matter only the accused is in a position to designate which is true, and which is false?[1]
Does this mean that the accused has not lied under oath? Does this mean that he did not by such perjury undermine the *478 sanctity of the oath and frustrate the judicial process?
Should the State be precluded from prosecuting an accused for such an outrage simply because the State can never prove on which particular date he lied? In this type of case, it is the deliberately made mutually contradictory statements, one of which has to be true and the other false, which constitutes the corpus delicti, proof that the crime of perjury has been committed.
There is nothing about the statute in and of itself which requires a showing by the State on which date an accused swore falsely. It does require that the State prove that the defendant did in fact "testify or affirm falsely to any material matter under oath."
Either by statute or by common law, as well as by a combination of the two, proof on the issue of perjury has had superimposed upon it the technical necessity that two witnesses must orally testify to the truth of the matter about which the accused swore falsely, or at least one witness must testify together with corroborating circumstances. 7 Wigmore, Evidence (Chadbourne Rev.), § 2042, pp. 364-365, Footnote 1, lists a number of states' statutes dealing with the quantum proof in perjury cases. See also cases cited in Am. Jur.2nd Perjury, § 63, Footnote 1; and 70 C.J.S. Perjury, § 68, Footnotes 53-59.
In this State the rule comes from the common law only. See: Horn v. State, 186 Miss. 455, 191 So. 282 (1939); Gordon v. State, 158 Miss. 185, 128 So. 769 (1930); Johnson v. State, 122 Miss. 16, 84 So. 140 (1920); Lee v. State, 105 Miss. 539, 62 So.2d 360 (1913); Saucier v. State, 95 Miss. 226, 48 So. 840 (1909); Whittle v. State, 79 Miss. 327, 329, 30 So. 722 (1901); Brown v. State, 57 Miss. 424, 436 (1879). Two conflicting statements under oath insufficient to convict; Tribble v. State, 210 Miss. 604, 50 So.2d 148 (1951) (two conflicting statements under oath insufficient); Brewer v. State, supra; Nash v. State, 244 Miss. 857, 147 So.2d 499 (1962); Clanton v. State, 210 Miss. 700, 50 So.2d 567 (1951).
In most of the reported perjury cases based upon two contradictory sworn statements, the indictment alleged which statement was false. Even so, courts have consistently held that a conviction for perjury would not be affirmed based solely upon the fact that the accused at the second trial testified to the opposite of a previous sworn statement, and also acknowledged that the former was false. In some cases a state's statute required two witnesses or one witness plus corroborating evidence. See: Richardson v. State, 45 Ohio App. 46, 186 N.E. 510 (1933); Cleveland v. State, 50 Tex.Cr.R. 6, 95 S.W. 521 (Tex. Ct. App. 1906); Billingsley v. State, 49 Tex.Cr.R. 620, 95 S.W. 520 (1906); People v. Burcham, 69 Cal. App. 614, 232 P. 149 (1924).
Aside from statutory or court imposed mechanical requirements, courts have rejected the sufficiency of such proof for the much more basic reason that in order to make a case of perjury it was incumbent on the State to prove the witness had sworn falsely, and the mere fact that an accused at some subsequent time testified his first sworn statement was false in and of itself did not make it false. There had to be additional proof "aliunde" that it was false. State v. Burns, 120 S.C. 523, 113 S.E. 351, 25 A.L.R. 414 (1922); Schwartz v. Commonwealth, 27 Gatt. 1025, 21 Am.Rep. 365; Smith v. Commonwealth, 180 Ky. 240, L.R.A. 1918 E. 927, 202 S.W. 635; Duval v. State, 104 So.2d 789 (Fla.Ct.App. 1958); McWhorter v. United States, 193 F.2d 982 (5th Cir.1952); Horn v. State, supra; Tribble v. State, supra; Williams v. State, 34 Ala.App. 462, 41 So.2d 605 (1949).[2]
*479 Such basic rationale is set out by the Court of Appeals in McWhorter v. United States, supra, a case of a witness testifying before a United States commissioner, and later testifying before a Federal grand jury to the opposite, and admitting before the grand jury that her testimony before the commissioner was false. In reversing a conviction, the Court held, pp. 984-985:
[A]fter mature consideration we have reached the conclusion that the weight of authority and good reasoning support the view that an admission in the second statement of the falsity of the first does not deserve to take the case out of the general rule that a conviction for perjury cannot rest merely upon the defendant's contradictory statements under oath. The reason being that it is impossible to tell which statement is true and which statement is false. Certain it is that the confirmatory evidence may not be supplied by the defendant's admission of the falsity of the first oath for the obvious reason that the admission itself may be false. Whenever a witness deliberately asserts a fact to be true to his knowledge and thereafter deliberately asserts the opposite of the fact as true to his knowledge, assuming that there is no question of innocent mistake, the witness thereby indirectly but unequivocally affirms the falsity of the prior statement. The admission, therefore, adds little if anything to the sum total of evidence that is present in any case where a witness makes two contradictory statements under oath. And as we have pointed out it is the general rule in both the State and federal courts that a conviction for perjury cannot be sustained merely on the contradictory sworn statements of the defendant.
Nor does it matter how many witnesses testified at the perjury trial that they heard the defendant make the contradictory statements for such testimony could not be the equivalent of corroborative proof of the corpus delicti of the offense charged. When the courts speak of corroborative evidence they mean evidence aliunde  evidence which tends to show the perjury independently. Here, there is nothing to establish which statement is true and which is the false, and it is a clear rule of criminal law that if the evidence on the part of the prosecution leaves it wholly uncertain whether the crime charged has been committed or not, the defendant must be acquitted. Accordingly, we are of opinion that the trial court should have granted the motion for judgment of acquittal as requested.
193 F.2d at 984-985.
The rule has not been without criticism, and in some jurisdictions the difficulty has been obviated by statute.[3]
In Commonwealth v. Sumrak, 148 P.Super. 412, 25 A.2d 605 (1942), the defendant signed a Communist Party petition. Thereafter, before a grand jury he testified he did know what he was doing when he did so. Still later, in the trial of one Antico he testified he did not know what he was signing. Under an indictment charging perjury before the grand jury, the state proved falsity by Sumrak's subsequent testimony, and the fact that as an adult who could read, he obviously knew what he was signing.
Wigmore criticized the rule as follows:
§ 2043. Perjury (continued): (d) Exception for self-contradictory oaths.
Suppose the accused has sworn contraries on two different occasions; does the rule still require a corroborated witness, when as against the oath charged in the indictment the other oath is produced to the contrary?
Perhaps the two contraries are reconcilable, or perhaps the accused's knowledge of the falsity on the one occasion does not of itself appear from the contrary oath. But it is not a question whether additional corroborative evidence *480 may be needed. The question is whether it is invariably needed, as a rule, even when the nature of the fact sworn to makes it perfectly clear that the falsity must have been stated knowingly. Furthermore, the difficulty of framing an indictment (arising from the uncertainty whether the one or the other assertion should be alleged false)1 has nothing to do with the rule of evidence; for it may be impossible to allege which of the two is false, while it may still be incontrovertible fact that the accused has in either the one or the other assertion spoken with knowing falsity. Is it then not proper, without more, to allow the jury, merely by comparing the assertions, to determine that one of them was perjured? ... [Footnote 1 omitted]
Wigmore, § 2040, at 376-377.[4]
In Oglesby v. State, 337 So.2d 381 (Ala. 1976), the Alabama Supreme Court held, in a rule of prospective application, that a conviction of perjury could be based on inconsistent sworn statements:
Other jurisdictions have created an exception to the general law of perjury both by statute (18 U.S.C., § 1623) and by judicial action (Commonwealth v. Sumrak, 148 Pa.Super. 412, 25 A.2d 605). This exception allows a conviction for perjury to be based upon evidence of two inconsistent sworn statements by the same person without additional evidence corroborating the falsity of either statement. Such an exception naturally results from an understanding of the rationale for the general rule. We adopt the exception. Therefore, on this point, ... a conviction for perjury in Alabama committed after the release date hereof may be sustained upon evidence of two inconsistent sworn statements made by the same person.
337 So.2d at 384.
The Legislature of Alabama later changed the rule by statute, note 3, supra. Thus, in Alabama by statute and a court decision a conviction can be based simply upon two mutually contradictory sworn statements.
The constitutional validity of statutes authorizing convictions based solely upon contradictory sworn statements was upheld in Brown v. State, 334 So.2d 597 (Fla. 1976); and People v. Ricker, 45 Ill.2d 562, 262 N.E.2d 456 (1970).
While Wigmore and the Alabama Supreme Court, in opting for a change in the rule, primarily attacked the rationale of the  as Wigmore termed it, "synthetic"  two witnesses or one witness plus corroborating circumstances rule, we find the other rationale inapplicable to this type of case as well.
There is no statutory requirement to convict for perjury other than, as noted, the accused has testified "falsely to any material matter under oath." Miss. Code Ann. § 97-9-59. When an accused has knowingly made two mutually contradictory statements under oath, one of which is of necessity true and the other of necessity false, about a matter of which there could be no mistake, he manifestly has met the statutory requirement, subject only to being material.
It is certainly true that the foundation of every criminal trial is first to prove a crime has been committed. In perjury this requires proof that what the defendant swore was false. In the ordinary case where the defendant only made one statement under oath, in order to prove the defendant swore falsely the State must prove what was true; Chenault v. State, supra. And, even where the defendant has testified differently on separate occasions, there is no reason to dispense with the requirement of the State charging which statement was false, and being required to prove by evidence aliunde the defendant's own testimony that it was false. This is not because there is no evidence there is perjury from the defendant's own statements, but because the State, if it has such proof, should be required to offer some evidence of the falsity of the defendant's testimony other than his own sworn statements.
Yet, if the State is unable, due to the circumstances of the case, to prove in *481 which instance a defendant told the truth and in which he lied, should it be required to do so, when it is clear beyond peradventure that he has indeed lied under oath? This would leave society powerless to punish outrages committed in our courts. When perjury has been so manifestly committed, in the absence of a constitutional guaranty, no technical rule, however long observed, should preclude punishment. Common sense in the administration of our judicial system rebels against any such notion.
Courts nevertheless finding the law in such a special case that in order to constitute perjury the State of necessity should first prove one of the statements was false, are reminders of the logic of Zeno. That Greek philosopher-mathematician, centuries before algebra or the digital numeral system of arithmetic were discovered, created an impossible problem in logic for the Greeks. The example ran something like this:
A tortoise is placed 100 yards ahead of a hare. Each minute the hare decreases the distance between the two of them by one-half. According to Zeno, although the hare would get closer each minute, he could never overtake the tortoise. He would always remain at some distance behind it.
While Greek philosophers and logicians argued for several centuries on Zeno's problem, and indeed philosophers still debate the matter,[5] it was no doubt clear to any Athenian walking the streets that if the race continued, the rabbit would soon overtake the turtle.
Judges have created somewhat similar problems in logic on the corpus delicti in a perjury prosecution emanating from two contradictory sworn statements. The State must prove the corpus delicti, of course, but since the State cannot prove on which date the defendant told the truth, it can never prove a perjury has been committed. Never prove a perjury has been committed?
The flaw in this reasoning, of course, is the condition precedent imposed by courts that factually it can never be known an accused has committed perjury without knowing the truth as to what he testified. While it would no doubt be preferable for the State to allege and charge the specifically false statement and date made, together with the true fact thereasto we reject this as the sole basis for ascertaining perjury.
A man standing outside a house at night and seeing a window light up will not know which electric lamp was switched on in the house, but he will know a light has been switched on.
The basic question, after all, under our perjury statute is whether the accused on a material matter has lied under oath. There is more than just one path to reaching this conclusion.
Where the State has evidence upon which to allege and prove on which date the accused lied, it should be specified and charged in the indictment, and such evidence presented to the jury. The mutually contradictory statements by an accused in such an instance serve only as corroboration of the State's case. Where the State is unable to offer any such evidence, however, it should be able to proceed on the basic question with the proof it has, namely: two mutually contradictory statements made under oath.
Does the adoption of this rule necessarily carry with it the limitation that it can only be used when the State is unable to offer additional proof as to the precise date the accused lied, and evidence aliunde as to the truth of the matter about which the accused testified? It does, by two other principles of evidence in criminal law.
Homicide prosecutions illustrate both these principles. It is always incumbent on the State to prove that the accused feloniously killed a human being. If murder, it must prove beyond a reasonable doubt a deliberate design to kill and not in necessary *482 self-defense, and if manslaughter, it must prove beyond all reasonable doubt a slaying in the heat of passion and not in necessary self-defense.
If the State has eyewitnesses to the slaying, it is under a duty to offer proof by at least some (but not necessarily all) of the eyewitnesses, following which the jury on proper instructions determines the guilt or innocence of the defendant. Mitchell v. State, 171 Miss. 4, 156 So. 654 (1934); Phillips v. State, 183 So.2d 908 (Miss. 1966).
On the other hand, if the State has no eyewitnesses, and the only proof it has is that the defendant killed a human being with a deadly weapon, the law permits the inference it was murder. The burden is upon the defendant as the only witness to explain the circumstances of the slaying.
This Court stated the rule in Hawthorne v. State, 58 Miss. 778 (1881), as follows:
[W]e understand the settled rule to be this: The law presumes the accused to be innocent of the crime charged, until the contrary is made to appear; but when it is shown that he killed the deceased with a deadly weapon, the general presumption of innocence yields to the specific proof of such homicide, and the law infers that it was malicious, and therefore murder, because as a rule, it is unlawful to kill a human being, and is murder if not something else; and as special circumstances only will vary the legal view of homicide so as to relieve it from the character of murder, it is inferred or presumed to be such from the fact of the killing unexplained; but if the attendant circumstances are shown in evidence, whether on the part of the State or the accused, the character of the killing is to be determined by considering them, and it is then not a matter for presumption which operates in the absence of explanatory evidence, but for determination from the circumstances shown in the evidence. [Emphasis added]
Id. at 787. See also: Fairchild v. State, 459 So.2d 793 (Miss. 1984); Childs v. State, 240 So.2d 611 (Miss. 1970); Cassidy v. State, 233 So.2d 122 (Miss. 1970).
In a murder prosecution in which the State has eyewitnesses to the slaying, no court would sustain a conviction by the State simply offering proof that the accused killed another with a deadly weapon. Yet, when that is all the proof the State has, it may offer such evidence and rest, and the burden is upon the defendant to explain the circumstances of the slaying.
These principles are applicable to other criminal cases as well. Thus, in Moore v. State, 205 Miss. 151, 38 So.2d 693 (1949), a prosecution for passing a bad check, this Court stated:
[I]t is a general rule of law that when the facts appear presumptions recede and the necessity for resorting to presumptions disappears when there is direct and positive evidence upon the matter in issue.
Id. at 163, 38 So.2d 693.
In People v. Fiorito, 413 Ill. 123, 108 N.E.2d 445 (1952), the Supreme Court of Illinois stated:
[A] presumption is an inference which a court or jury may be permitted or required to draw, based on human experience and common sense, from known events or circumstances, when there is no evidence from which the ultimate fact can be determined.
108 N.E.2d at 459.
And, in United States v. Levin, 326 F. Supp. 1069, 1072 (D.C.Minn. 1971), that court stated: "A presumption operates only when there is no direct evidence ..." See also: Rogers v. People, 161 Colo, 317, 326, 422 P.2d 377, 381 (1966); State v. Anderson, 119 Vt. 355, 366, 125 A.2d 827, 834 (1956); State v. Burns, 278 Mo. 441, 447, 213 S.W. 114, 116 (1919).
As to the duty of the State to offer all the evidence towards ascertainment of the truth, see generally Wise v. State, 251 Ala. 660, 38 So.2d 553 (1948); State v. Pete, 153 La. 943, 96 So. 818 (1923); Archina v. People, 135 Colo. 8, 307 P.2d 1083 (1957); see also: 23 C.J.S. § 1028 and cases cited thereunder, and the duty of the State to call at least some of the eyewitnesses, see generally: Commonwealth v. Giacobbe, 341 Pa. 187, 19 A.2d 71 (1941); State v. *483 Ferguson, 278 Mo. 119, 212 S.W. 339 (1919); see also: 23 C.J.S. § 1017.

CONCLUSION
There was no determination by the circuit judge in the trial of this case whether the State has available to it evidence to allege and offer proof of the truth and the date on which the defendant testified falsely. It appears from this record the State has available to it such evidence extraneous to Hogan's own contradictory testimony, and we therefore reverse and remand.
Upon retrial, it will be incumbent upon the State to either move to amend the indictment and, following the appropriate amendment, offer proof of the date on which the defendant testified falsely, or else satisfy the circuit judge that it has no such evidence available to it, in which event the case may proceed to trial based upon the contradictory statements.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
DAN M. LEE, P.J., and SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
ROY NOBLE LEE, C.J., and ROBERTSON and PRATHER, JJ., concur in part and dissent in part.
ROBERTSON, Justice, concurring in part, dissenting in part:
The elaborate opinion of the Court sends a simple message. In perjury cases the defendant's guilt must be proved beyond a reasonable doubt. But, if the prosecution cannot meet that burden, whatever proof it has will do. This is not the law, as my colleagues in the majority well know. I would reverse and render.
Otha D. Hogan, Jr. is here upon appeal of his conviction in the Circuit Court of Lamar County of the crime of perjury for which he has been sentenced to five years imprisonment. The prosecution failed to prove which of Hogan's admittedly contradictory statements under oath was the one that was false or the truth of the matter said to have been falsified. The law requires that he be discharged from custody.
The statute under which Hogan has been indicted, tried and convicted, Miss. Code Ann. § 97-9-59 (1972) provides, in pertinent part, that
Every person who shall wilfully and corruptly swear, testify or affirm falsely to any material matter under oath, affirmation, or declaration legally administered in any matter, cause or proceeding pending in any court of law or equity, or before any officer thereof, ..., shall be guilty of perjury.
A common sense reading of this statute requires that the prosecution allege and prove the occasion on which the false statement was made. See Saucier v. State 95 Miss. 226, 234-38, 48 So. 840, 841 (1909). Furthermore, the prosecution must allege and prove what the truth is respecting the matter involved. Cf. Chenault v. State, 154 Miss. 21, 33-34, 122 So. 98, 100 (1929). The falsity of the allegedly perjured statement must be established by the testimony of at least two witnesses or by one witness and corroborating circumstances. Nash v. State, 244 Miss. 857, 865-66, 147 So.2d 499 (1962); Horn v. State, 186 Miss. 455, 459, 191 So. 282, 283 (1939).
Where, as here, the accused has made conflicting sworn statements, one witness to the falsity of the statement with which he is charged is sufficient. Tribble v. State, 210 Miss. 604, 50 So.2d 148 (1951); Horn v. State, 186 Miss. 455, 459, 191 So. 282, 283 (1939). Even so the prosecution must prove which statement was true and which was false. Tribble v. State, 210 Miss. at 606, 50 So.2d at 149. But here the prosecution never advised the court or jury, through allegation or proof, which statement made by Hogan  that on October 14, 1982, or that on February 27, 1984  it considered to be perjured. Similarly, the State's brief on this appeal leaves us in the dark when Hogan is said to have committed perjury and just what it contends the truth of the matter to be.
The problem is more fundamental, for the prosecution's elected method of proceeding leaves inescapable the conclusion *484 that it has failed to establish the corpus delicti of the offense charged. In an analogous factual context, McWhorter v. United States, 193 F.2d 982 (5th Cir.1952), puts the point well.
Nor does it matter how many witnesses testified at the perjury trial that they heard the defendant make the contradictory statements for such testimony could not be the equivalent of corroborative proof of the corpus delicti of the offense charged.
When the courts speak of corroborative evidence they mean evidence aliunde  evidence which tends to show the perjury independently. Here, there is nothing to establish which statement is true and which is the false, and it is a clear rule of criminal law that if the evidence on the part of the prosecution leaves it wholly uncertain whether the crime charged has been committed or not, the defendant must be acquitted. Accordingly, we are of the opinion that the trial court should have granted the motion for judgment of acquittal as requested.
193 F.2d at 985; see also, State v. Wallis, 50 Wash.2d 350, 354-55, 311 P.2d 659, 662-63 (1957).
Tribble v. State, 210 Miss. at 606, 50 So.2d at 149, settles the proposition that the prosecution may not proceed solely upon proof that the accused made two contradictory statements under oath; rather, that the prosecution must establish which of the two sworn statements is false and, indeed must prove the falsity of that statement by evidence other than the contradictory statement. The point is similarly settled among our sister states and has been so for a number of years. See, e.g., Williams v. State, 34 Ala.App. 462, 464-65, 41 So.2d 605, 607-08 (1949); State v. Lowe, 60 Idaho 98, 88 P.2d 502, 506 (1939); People v. Glenn, 294 Ill. 333, 337, 128 N.E. 532, 534 (1920); People v. McClintic, 193 Mich. 589, 601, 160 N.W. 461, 464 (1916); Richardson v. State, 45 Ohio App. 46, 49-50, 186 N.E. 510, 511 (1933); Commonwealth v. Bradley, 109 Pa.Super. 294, 297-99, 167 A. 471, 472 (1933); Paytes v. State, 137 Tenn. 129, 131-32, 191 S.W. 975 (1917); Billingsley v. State, 49 Tex.Cr.R. 620, 621, 95 S.W. 520 (1906); Smyth v. Godwin, 188 Va. 753, 770, 51 S.E.2d 230, 238 (1949); State v. Wallis, 50 Wash.2d 350, 354-55, 311 P.2d 659, 662 (1957).
There are many conceptual problems with the prosecution's  and the majority's  method of proceeding in this case. One is that the procedure employed here creates the possibility of a split verdict. Careful attention to State's Instruction S-3, quoted by the majority, makes clear that the jury is advised that it could find Hogan guilty if it believed that he committed perjury either on October 14, 1982, or on February 27, 1984. Hypothetically, seven jurors could have believed that Hogan committed perjury on October 14, 1982, while the other five may have believed that Hogan was lying under oath on February 27, 1984. Instruction S-3 is thus pregnant with potential for violation of Hogan's right that he be convicted only upon unanimous verdict of the twelve jurors. See Markham v. State, 209 Miss. 135, 137-38, 46 So.2d 88, 89 (1950). Cf. Hill v. State, 252 Miss. 827, 830-31, 173 So.2d 920, 922 (1965); Barry v. State, 187 Miss. 221, 234, 192 So. 841, 845 (1940).
I recognize that the factual scenario presented in this case is far from uncommon, to-wit: an accused felon strikes a plea-bargain agreement and represents to the Circuit Court that his plea is freely and voluntarily entered only to discover that accommodations in north Sunflower County are sufficiently unpleasant that he thereafter applies for post-conviction relief asserting again under oath that his plea was not nearly so voluntarily entered as once thought. See, e.g., Sanders v. State, 440 So.2d 278 (Miss. 1983). The related problem of recanted testimony is likewise often before us. See, e.g., Sanders v. State, 439 So.2d 1271, 1276 (Miss. 1983). What  and all  we say this day is that prosecutions for perjury in such situations must be tried in accordance with the same ground rules applicable in other perjury prosecutions.
In cases such as this the accused is first entitled to be charged in an indictment which describes substantially the essential facts constituting the offense charged. *485 The indictment should set forth the substance of the perjured statement and the date upon which it was uttered. Rule 2.05(5), Miss.Unif.Crim.R.Cir.Ct.Prac. At trial, the prosecution should then be required to prove these elements and specifically must prove the truth of the matter involved, cf. Chenault v. State, 154 Miss. 21, 33-34, 122 So. 98, 100 (1929), for how else could it be proved that the defendant's statement was perjured. Where, as here, the prosecution charges and seeks to prove two contradictory statements under oath without ever charging or proving which of the statements was true and which of the statements was false, the defendant in my view is entitled to a judgment of acquittal as a matter of law. The prosecution may not thus shift to the defendant the burden of proving his innocence.
I concur in so much of the opinion of the Court as reverses the judgment below. Otherwise, I dissent, as the law properly read and applied requires that Hogan be finally discharged from custody.
ROY NOBLE LEE, C.J., and PRATHER, J., join in this opinion.
NOTES
[1] Two examples:

1. W testifies he was standing at the corner of Jefferson and Morningside Streets at 6:00 a.m. on September 1, 1987, and saw a burglary. No one saw W standing there on the corner.
Later W testifies he was not on that corner at all that day, and never saw any burglary.
One statement has to be true, and the other false, and only W knows the truth.
2. W testifies at a preliminary hearing that while he was in the Totesum Store B came in, robbed and killed C, the owner. Other than W and B, there are no witnesses.
At trial W testifies precisely opposite, that it was not B at all, but some other unknown person who committed the crimes.
B either is the robber-murderer or he is not.
The State clearly is in no position to use B as a witness in W's perjury trial.
[2] Courts have, however, had a tendency to relax the mechanical two or one witness rule when, coupled with the contradictory statements, there was circumstantial evidence indicating falsity. See: Commonwealth v. Russo, 177 Pa.Super. 470, 111 A.2d 359 (1955).

This has been especially true when the perjury involved a statement of opinion or belief of the witness as opposed to relating a fact. Behrle v. United States, 69 App.D.C. 304, 100 F.2d 714 (1938); State v. Wilhelm, 114 Kan. 349, 219 P. 510 (1923) (sublimation); People v. Doody, 172 N.Y. 165, 64 N.E. 807 (1902); State v. Sullivan, 24 N.J. 18, 130 A.2d 610, 66 A.L.R.2d 761 (1957); see also cases cited in 88 A.L.R.2d 852.
[3] See Code of Alabama 1975 § 13A-10-104; S.H.A. Ill. Rev. Stat., Smith-Hurd ch. 38 § 32-2(b); N.J.S.A. 2C:28-2(c); N.Y. Penal Law § 210.20 (McKinney); Ohio Rev. Code Ann. § 2921.11(D) (Page); Tenn. Code Ann. § 39-5-603; Utah Code Ann. § 76-8-502(2) (1953); Code of Virginia § 18.2-435 (1950).
[4] 7 Wigmore (Chadbourn Rev.), § 2043.
[5] Jeans, Physics and Philosophy: "Zeno of Elea", Encyclopedia of Philosophy, Vol. 8, pp. 369-379 (1975).