PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUE PRESENTED
¶ 1. This case is before the Court challenging the judgment of the Adams County Circuit Court of conviction of one count of perjury and sentence of ten years in the custody of the MDOC, divided five years to serve and five years of post-release supervision. After an unfavorable ruling by the trial court on her JNOV, Hall perfected this appeal raising the following issue for our review:
WHETHER THE VERDICT REACHED BY THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS MANIFESTLY WRONG AS A MATTER OF LAW, AND WHETHER THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT’S MOTION FOR A DIRECTED VERDICT AND THE APPELLANT’S REQUEST FOR A JNOV?
¶ 2. On review of the record and applicable precedents, we find that Hall’s assignment of error under present Mississippi law pronounced by the supreme court, as to the insufficiency of the evidence, is well taken. Accordingly, we must reverse and render the conviction and sentence in this case.
FACTS
¶ 3. Hall was indicted by the Adams County Grand Jury of one count of perjury in violation of Miss.Code Ann. § 97-9-59 (Supp.1998). The perjury was alleged to have occurred during the first capital murder trial of Joseph Kentrell Holiday,[1] who was accused of murdering Tommy Hawkins at approximately 8:00 p.m. on January *1162 13, 1996. Hall, Holiday’s significant other, provided alibi testimony for Holiday. Hall, an employee of McDonald’s in Natchez, testified that on the day in question, she saw Holiday at his home around 9 a.m., where she found him not feeling well. Hall said she then proceeded to work an 11 a.m. to 7 p.m. shift at McDonald’s. After the end of her shift, Hall testified that she went to Holiday’s house at approximately 7:30 p.m. and carried Holiday some orange juice and flu medication. Hall testified that she remained with Holiday on January 13 until approximately 9:30 p.m. As Hawkins was murdered around 8:00 p.m., this would exclude Holiday as a viable suspect. Hall produced a personal journal supporting her testimony.
¶ 4. Subsequent to the end of Holiday’s first trial, the Adams County Grand Jury indicted Hall for one count of perjury stemming from her testimony at that proceeding. At the perjury trial, Fred Ferguson, the Adams County Circuit Clerk, and Melanie Murray, the official court reporter in the Holiday murder trial, testified as to the chain of custody and authenticity of the trial transcript of the first Holiday murder trial and to the recorded testimony of Hall that was in issue.
¶ 5. Jody Waldrop of the Natchez Police Department, the lead investigator in the Hawkins murder, testified that Hall never came forward during the course of his investigation into the murder to provide Holiday an alibi. Further, Waldrop noted that Holiday, during interrogation, did not mention the fact that Hall was with him on the evening in question. District Attorney Ronnie Harper testified that Hall’s alibi testimony on behalf of Holiday was material, and that she appeared certain and absolute in her testimony regarding Holiday’s alleged whereabouts.
¶ 6. The prosecution next called Craig and Mary Ann Langnes, the proprietors of the McDonald’s restaurant in Natchez where Hall worked as an hourly employee-manager on the day of the murder. According to Craig Langnes, based on the daily employee summary, Hall worked from 2:30 p.m. until 10:03 p.m. on January 13, 1996; however, the actual time indicated on the computerized cumulative employment records kept in conjunction with the business indicated that Hall worked from 10:03 p.m. on January 13 until 7:18 a.m. on January 14. Craig Langnes explained this erroneous time entry on a mistake and correction made in Hall’s time record earlier in the week-on January 10— due to Hall’s failure to clock out that particular day. Accordingly, her time records on the weekly reports were skewed for the entire week. Craig Langnes indicated that it was not unusual for time cards to be altered for correction. There is no indication that Hall’s time was altered on January 13. Craig Langnes also indicated that Hall never requested her employment records from him until after they had been subpoenaed by the district attorney; however, he did admit that she could have contacted one of McDonald’s corporate offices to attempt to get the records. But, he maintained that a request to a corporate office would have been referred back to him. While he denied that Hall had requested the records from him, he admitted on cross-examination that a simple employee request would not have carried as much weight as a subpoena. The only reason he retrieved the records was because of the subpoena.
¶ 7. Mary Ann Langnes, the co-owner of the McDonald’s where Hall was employed, testified that she did the majority of the office and clerical work for the company, including payrolls. She said that Hall never complained about her pay records for January 13 nor challenged the accuracy of the records.
¶ 8. Cassandra Knight, a co-worker of Hall’s at the time in question, testified on Hall’s behalf. Knight asserted that she did not remember working on January 13, 1996, nor did she recall seeing Hall that day. However, she did testify that it was not uncommon for managers, such as Hall, to leave early during a particular shift. *1163 Knight testified that it was possible for other employees to have access to another employee’s identification number and to clock other employees in and out. So, simply because an employee’s time totals may show that they were working, there is a possibility that they were out of the store and had asked someone else to clock out for them at the shift’s end.
¶ 9. Etoya Davis, the store manager of the McDonald’s at which Hall worked on the day in question, testified that she knew Hall to be an honest individual in the context of their working relationship. Davis testified that due to particular circumstances, employees’ work schedules were not always strictly followed. If, at closing time, a manager discovered that an employee had failed to clock out, the manager had the capability of clocking that person out so that the system would close out. However, clocking in or clocking out for another employee was contrary to store policy.
DISCUSSION AND ANALYSIS
¶ 10. Hall alleges that the evidence presented at her trial was insufficient as a matter of law to support a conviction. Based on the application of the two witness rule as applied in Mississippi, we agree that the evidence was, indeed, insufficient. Accordingly, the conviction and sentence must be reversed and rendered.
¶ 11. An argument attacking the sufficiency of the evidence requires our consideration of the evidence before the trial court when made; we properly review the ruling on the last occasion the challenge was made in the court below. This occurred when the circuit court overruled Hall’s motion for a JNOV. Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987). Both motions for directed verdict and motions for a JNOV challenge the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993). Where a defendant moves for a JNOV, the trial court considers all of the credible evidence consistent with the defendant’s guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 12. We begin by addressing the law in Mississippi with regard to perjury. The applicable statute provides:
Every person who shall wilfully and corruptly swear, testify, or affirm falsely to any material matter under any oath, affirmation, or declaration legally administered in any matter, cause, or proceeding pending in any court of law or equity, or before any officer thereof, or in any case where an oath or affirmation is required by law or is necessary for the prosecution or defense of any private right or for the ends of public justice, or in any matter or proceeding before any tribunal or officer created by the Constitution or by law, or where any oath may be lawfully required by any judicial, executive, or administrative officer, shall be guilty of perjury, and shall not thereafter be received as a witness to be sworn in any matter or cause whatever, until the judgment against him be reversed.
Miss.Code Ann. § 97-9-59 (Rev.1994). “Perjury requires stringent proof of a direct and compelling character. In order to convict for perjury, the prosecution is required to prove the falsity of the accused’s statement by a minimum of two witnesses, or by one witness and corroborating circumstances. McFee v. State, 510 So.2d 790, 792-93 (Miss.1987). This burden is comparable to that required to prove treason.” [2] Smallwood v. State, 584 So.2d 733, 741 (Miss.1991).
¶ 13. In the case sub judice, the prosecution did not meet their burden with regard to the two witness rule, or the *1164 alternative requirement of one witness and corroborating circumstances rule. The prosecution procured not one witness placing Hall at work between the hours of 7:00 p.m. and 9:00 p.m. on January 13, 1996. The only direct evidence in support of the contention that Hall offered perjurious testimony in the first Holiday murder trial is found in the daily and weekly employment records, which are inconsistent at best. We have no reason to doubt that the explanations for the time record discrepancies offered by Craig Langnes are accurate. Moreover, even if we did find a problem with the explanation for the discrepancy, we would not reach that issue as it goes to the weight and credibility of the evidence and is strictly left to the finder of fact to resolve, absent a demonstration of an unconscionable injustice flowing from sustaining the verdict rendered. See Herrington v. State, 690 So.2d 1132, 1138 (Miss.1997).
¶ 14. As the Attorney General correctly points out, there is no question but that Hall did testify under oath as to a material matter in a legal proceeding, the first Holiday murder trial. The key issue and the one we address now is whether the State proved that Hall wilfully and corruptly testified falsely in the first Holiday trial. It is on this issue that we find that, based on present Mississippi law as announced by the supreme court with regard to perjury, the prosecution failed to meet its requisite burden of proof. The Attorney General mischaracterizes the sufficiency question here as “simply whether a rational fact-finder could find from the evidence presented at trial that Hall was at work at the McDonalds’s restaurant at the time in question.” Clearly, that is not the rule with regard to the crime of perjury in Mississippi. The prosecution’s burden was to prove that Hall wilfully and corruptly testified falsely through the two witnesses or through a single witness and corroborating circumstances. Quite obviously, there were not two witnesses who could support the prosecution’s allegation of perjury. While the time records might be held to provide the corroborating evidence, we are still without the necessary one witness.
¶ 15. Some jurisdictions have retained the two witness rule and its alternative, but carved out exceptions. See generally People v. Fueston, 749 P.2d 952, 958 (Colo. 1988); Hourie v. State, 298 Md. 50, 467 A.2d 1016, 1021 (1983). However, the Mississippi Supreme Court has held strong and fast to a relatively strict application of the two witness rule and its alternative and have not disavowed the rule’s application. See generally Lea v. State, 64 Miss. 278, 1 So. 235 (1887); Johnson v. State, 122 Miss. 16, 84 So. 140 (1920); Gordon v. State, 158 Miss. 185, 128 So. 769 (1930); Horn v. State, 186 Miss. 455, 191 So. 282 (1939); Clanton v. State, 210 Miss. 700, 50 So.2d 567 (1951); Tribble v. State, 210 Miss. 604, 50 So.2d 148 (Miss.1951); Nash v. State, 244 Miss. 857, 147 So.2d 499 (1962); Hamilton v. State, 197 So.2d 469 (Miss.1967); Brewer v. State, 233 So.2d 779 (Miss.1970); McFee v. State, 510 So.2d 790 (Miss.1987) (finding defendant’s two prior conflicting sworn statements plus the testimony of defendant’s mother that one statement was true sufficient to sustain a perjury conviction); Hogan v. State, 516 So.2d 474 (Miss.1987) (holding that two conflicting statements under oath is sufficient to sustain a perjury conviction); Smallwood v. State, 584 So.2d 733 (Miss.1991); Hale v. State, 648 So.2d 531 (Miss.1994).
¶ 16. While the Attorney General’s argument for the abolition of the two-witness rule is very persuasive, this Court chooses not to abolish a rule so deeply rooted in the jurisprudence of the Mississippi Supreme Court for over 110 years. Accordingly, as the prosecution failed to produce two witnesses as to the falsity of Hall’s testimony, or alternatively one witness and corroborating evidence, we must reverse and render the conviction and sentence in this case.
*1165-1171 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. Holiday’s initial trial, in which Hall testified, ended in a mistrial after the jury deadlocked. Holiday was convicted on re-trial and the conviction was affirmed by this Court. See Holiday v. State, 739 So.2d 394 (Miss.Ct.App.1999).

. Miss.Code Ann. § 97-7-69 (Rev. 1994) provides: "A person shall not be convicted of treason unless upon the testimony of two witnesses to the same overt act, or on his own confession in open court.”